| UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF FLORIDA<br>JACKSONVILLE DIVISION | |
|---|---|
| KNIGHT SPECIALTY INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>v.<br><br>JACKSONVILLE TRANSPORTATION, INC.; KIMBERLY WEAVER, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF RONNIE BROWN; AND, THE ESTATE OF MARTIN ALLEN CAIN,<br><br>      Defendants. | CIVIL NO. 3:20-cv-1139-J-20PDB |
| | |

## DEFENDANT JACKSONVILLE TRANSPORTATION, INC.'S MOTION TO DISMISS DECLARATORY ACTION COMPLAINT OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PENDING THE OUTCOME OF THE UNDERLYING TORT ACTION, AND TO ADD CHRISTOPHER HAMPTON AS A PARTY DEFENDANT

Jacksonville Transportation, Inc. ("JTI"), by and through its undersigned counsel and pursuant to Rule 12(b)(6), 12(b)(7), and 19(a), *Federal Rules of Civil Procedure,* hereby moves to dismiss Plaintiff, Knight Specialty Insurance Company's ("Plaintiff"), Complaint for Declaratory Judgment, dated October 6, 2020, or, in the alternative, moves the Court to stay this declaratory judgment action, and to require adding Christopher Hampton as a party Defendant, and in support thereof, states as follows:

## FACTUAL BACKGROUND

1.      On April 1, 2020, Kimberly Weaver, as Personal Representative of the Estate of Ronnie Brown, filed a wrongful death lawsuit in the Circuit Court, Fifth Judicial

Circuit, in and for Marion County, Florida, styled as *Kimberly Weaver, as Personal Representative of the Estate of Ronnie Brown v. Jacksonville Transportation, Inc., Christopher Hampton, and the Estate of Martin Allen Cain,* Case No.: 20-CA-0611 (the "Tort Action"). Dec. Action Compl. at ¶ 1 (D.E. 1). The Tort Action arises out of a tractor trailer accident that occurred on April 24, 2019 near Wichita Falls, Texas, which resulted in the deaths of Ronnie Brown ("Brown") and Martin Allen Cain ("Cain"). Dec. Action Compl. at ¶ 13. When the accident occurred, Brown and Cain were hauling freight as independent contractors for Defendant herein, JTI, using a truck and trailer owned by Christopher Hampton: a 2012 Volvo tractor trailer, with VIN 4V4NC9EJ5CN557419, and its attached trailer, a 2016 TRAO, with VIN 1TTF532C4G3960052 (the "Subject Tractor and Trailer"). Dec. Action Compl. at ¶ 15; Dec. Action Compl. at Ex. B, ¶ 13.

2.      In the Tort Action, the Estate of Brown pleads the following causes of action: Negligence Against Martin Allen Cain (COUNT I); Vicarious Liability Against JTI (COUNT II); Negligence Against JTI (COUNT III); and Liability Against Christopher Hampton (COUNT IV). *See generally* Dec. Action Compl. at Ex. B. As it relates to its claims against Christopher Hampton, the Estate of Brown alleges liability to Brown by "virtue of owning and leasing" the Subject Tractor and Trailer involved in the accident. *Id* at ¶¶ 34-36.

3.      Plaintiff is presently defending JTI in the Tort Action, subject to its reservation of its rights under the policy *sub judice*, a Commercial Auto Policy issued to JTI, with policy number KSI000014-00, effective from April 28, 2018 through April 28,

2

2019, which Plaintiff attached to its Complaint for Declaratory Judgment as Exhibit A (the "Auto Policy").

4.      In the Complaint for Declaratory Judgment, Plaintiff concedes the following:

> "In her complaint, ERB [Estate of Ronnie Brown] does not state the relationship between RB [Brown], MC [Cain], and Jacksonville [JTI], **ERB's Complaint is silent as to the fact that RB was an employee of Jacksonville and was in the course and scope of his employment with Jacksonville when he was killed.** Dec. Action Compl. at ¶ 28 [emphasis supplied].

5.      Plaintiff also attaches a copy of its Reservation of Rights letter to JTI to its Complaint for Declaratory Judgment.  Dec. Action Compl. at Ex. C.  As set forth in Plaintiff's Reservation of Rights letter, Plaintiff does not dispute that the Subject Tractor and Trailer Brown and Cain were using to haul freight as independent contractors for JTI "are insured under the Subject [Auto] Policy" at issue in this proceeding.  Dec. Action. Compl. at Ex. C, p. 1.

6.       Plaintiff concedes that the insuring agreement provides coverage for JTI and the Subject Tractor and Trailer, but in an effort to disclaim its duty to defend and indemnify JTI, Plaintiff alleges that Brown and Cain were "statutory employees" who were performing services "arising out of and in the course of" their alleged employment with JTI.  Dec. Action Compl. at ¶¶ 47-53.  Thus, Plaintiff contends Brown's claims against JTI in the Tort Action are excluded from coverage under the Auto Policy.  *See generally* Dec. Action Compl.  Accordingly, Plaintiff seeks a declaration that it has no duty to defend or indemnify Brown's claims against JTI in the Tort Action.  *Id.*

7.      As set forth more fully herein, Plaintiff's concession that the Tort Action is silent as to whether Brown was an employee of JTI is fatal to its Declaratory Action Complaint because Plaintiff's duty to defend is based only on the allegations of the Tort Action.  Plaintiff's duty to indemnify, if any, is speculative at this juncture.  Thus, there is no present controversy for this Court to resolve by declaration and this case should be dismissed.

8.      Alternatively, this action should be stayed because whether Brown and Cain were employees who were performing services "arising out of and in the course of" their alleged employment with JTI are central issues in the Tort Action.  Indeed, proving JTI's vicarious liability and its negligent hiring, retention and training of Cain will necessarily require Brown's estate to prove that Cain was an employee and that he injured Brown while performing services "arising out of and in the course of" Cain's employment with JTI.  *See* Dec. Action Compl. at Ex. B, p. 6- 9.  Resolution of this highly factual issue will require substantial evidence into the nature of JTI's relationship with Brown and Cain, which discovery is already ongoing in the Tort Action and has been for many months.  *See* Dec. Action Compl. at Ex B. (Plaintiff's Interrogatories and Requests to Produce to JTI).  In other words, the fact finder in the Tort Action must necessarily resolve the same factual issue that Plaintiff asks this Court to resolve as part of its requested declaration.  *See generally* Dec. Action Compl.  Accordingly, if this Court determines Plaintiff's Declaratory Action Complaint is not subject to dismissal, it should stay this action until the fact finder in the Tort Action resolves these factual issues.

9.      Finally, Christopher Hampton has an interest in this Declaratory Judgment action, and disposing of this action in his absence would, as a practical matter, impair or impede his ability to preserve insurance coverage that inures to his benefit.  As he is subject to service of process and, on information and belief, will not destroy diversity in this proceeding, he is a necessary party and should be joined.  To the extent, he cannot be joined, he is an indispensable party and Plaintiff's Complaint for Declaratory Judgment should again be dismissed.

## MEMORANDUM OF LAW

**I.      This Court Should Dismiss Plaintiff's Declaratory Action Complaint Because Plaintiff has not Stated a Claim Upon which Declaratory Relief May be Granted.**

### A. Viewing the Tort Action complaint alongside the Auto Policy establishes Plaintiff has a duty to defend JTI in the Tort Action.

An insurer's duty to defend is determined solely by the allegations of the complaint and the applicable policy provisions.  *See, e.g.*, *Diamond State Ins. Co. v. Boys' Home Ass'n*, 172 F. Supp. 3d 1326, 1334 (M.D. Fla. 2016) ("Under Florida law, an insurer's duty to defend is determined solely by the allegations in the underlying complaint" and "'arises when the relevant pleadings alleged facts that fairly and potentially bring the suit within policy coverage.'").

Here, Plaintiff's entire argument that it has no duty to defend JTI in the Tort Action is predicated on the notion that Brown was an employee at the time of his death.  *See generally* Dec. Action Compl.  In other words, for Plaintiff to prevail on its declaration that it has no duty to defend JTI, **Brown (and not just Cain) must have been an employee of JTI at the time of the accident.**  *See generally* Dec. Action Compl. at ¶¶ 47-60.  However,

Plaintiff concedes the Tort Action complaint is silent as to whether Brown was an employee or acting within the scope of his employment when the accident occurred.  Dec. Action Compl. at ¶ 28.

Thus, Plaintiff acknowledges in its Declaratory Action Complaint that the allegations of the Tort Action fairly and potentially bring the claims of the estate of Brown within policy coverage (i.e., **if he was not an employee as defined under the policy, there is coverage**).  *See Diamond State Ins. Co.*, 172 F. Supp. 3d at 1335 ("if an examination of the allegations of the complaint leaves any doubt regarding an insurer's duty to defend, the issue is resolved in favor of the insured.").  Hence, Plaintiff is presently defending JTI in the Tort Action and nothing set forth in its Declaratory Action Complaint supports a contrary declaration.

### B.  Plaintiff's request for a declaration that it has no duty to indemnify JTI is premature as to JTI's liability in the Tort Action, if any.

Unlike the duty to defend, an insurer's duty to indemnify is based on the actual facts that are determined through the resolution of the case, rather than the mere allegations in a complaint.  *See, e.g.*, *Mid-Continent Cas. Co. v. Johnson-Graham-Malone, Inc.*, No. 3:16-CV-592-J-39PDB, 2017 WL 9935189 at *3 (M.D. Fla. Dec. 15, 2017) (explaining that an "insurer's duty to indemnify . . . must be determined by analyzing the policy coverage in light of the actual facts in the underlying case" and "'is dependent upon the entry of a final judgment, settlement, or a final resolution of the underlying claims'").  As such, a declaration that an insurer has no duty to indemnify an insured "is premature and will not be ripe for adjudication until the Underlying Action is resolved." *See, e.g.*, *Mid Continent Cas. Co.*, 2017 WL 1191383 at *2–3.

Here, the Tort Action was filed over six months ago, but remains pending and has not been resolved nor a final judgment or verdict entered. *See Tort Action Docket*, attached hereto as **Exhibit "A"**; *McDowell Bey v. Vega*, 588 F. App'x 923, 926-927 (11th Cir. 2014) (per curiam) (finding the district court properly took judicial notice of entries appearing on a state court's docket sheet). JTI is therefore presently not liable for any damages that Plaintiff may possibly be required to indemnify under the Auto Policy at some unknown time in the future. As such, its Declaratory Judgment action on this matter is purely speculative at this juncture. Thus, there exists no bona fide, actual and present controversy for this Court to resolve. This Court respectfully should dismiss Plaintiff's Declaratory Action Complaint, without prejudice to its right to refile after the Tort Action is resolved, if appropriate.

II.     **In Lieu of Dismissal, This Court has Inherent Authority to Stay Plaintiff's Declaratory Judgment Action.**

The Court "has the inherent authority 'to control the disposition of the causes on its docket[.]" *Mid-Continent Cas. Co. v. Nassau Builders, Inc.*, No. 3:16-cv-921-J-34JRK, 2017 WL 1191383 at *2 (M.D. Fla. Mar. 31, 2017). With regard to "cases brought under the Declaratory Judgment Act, the Court has particularly wide latitude to exercise this authority because '[t]here is . . . nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)) (internal quotations omitted). Indeed, the Declaratory Judgment Act expressly provides that "any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration," 28 U.S.C. § 2201(a) (emphasis added), thereby conferring "on federal courts unique and

substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286–87.

Consistent with this broad discretion, this Court has routinely stayed or dismissed insurers' declaratory judgment actions when a related underlying state action is pending. *See, e.g.*, *Mid-Continent Cas. Co.*, 2017 WL 1191383 at *1–3 (staying an insurer's declaratory action with regard to duty to indemnify as a declaration would be premature as the factual record has not been fully developed and the state action has not yet been resolved). Furthermore, the Eleventh Circuit in *Ameritas Variable Life Insurance Co. v. Roach* provided a "non-exhaustive list of factors for district courts to consider when deciding whether to exercise jurisdiction over a declaratory judgment action where an underlying state court action involves some of the same issues and parties." *First Mercury Ins. Co. v. Excellent Computing Distributors, Inc.*, 648 F. App'x 861, 865–66 (11th Cir. 2016) (per curiam) (citing to *Ameritas Variable Life Ins. Co. v. Roach*, 411 F. 3d 1328, 1330 (11th Cir. 2005) (per curiam)).

### A. The *Ameritas* factors support staying Plaintiff's Declaratory Judgment Action.

The *Ameritas* factors to consider are:

(1)     the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2)     whether the judgment in the federal declaratory action would settle the controversy;

(3)     whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4)     whether the declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable;

(5)     whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6)     whether there is an alternative remedy that is better or more effective;

(7)     whether the underlying factual issues are important to an informed resolution of the case;

(8)     whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9)     whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co.*, 411 F. 3d at 1331.

"[N]ot every factor will be relevant in every case."  *First Mercury Ins. Co.*, 648 F. App'x at 866.  Likewise, no single factor is controlling.  *Ameritas Variable Life Ins. Co.*, 411 F. 3d at 1331.

Here, Plaintiff's duty to defend and indemnify JTI will necessarily turn on the actual facts and circumstances regarding Brown and Cain's engagement with JTI, which is at the heart of several of the claims Brown's estate alleges in the Tort Action.   As such, the Court should abstain from resolving Plaintiff's duty to defend and indemnify JTI because those issues are premature and not ripe for adjudication until the Florida court and fact finder in the Tort Action resolve the factual issues on which the duty to indemnify depends.

       **i.**    **The Trial Court in the Tort Action has a substantial interest in determining whether Brown or Cain were employees of JTI .**

The factual and legal issues that turn on whether Plaintiff has a duty to defend or indemnify JTI  are based exclusively on Florida substantive law.  Although Plaintiff improperly attempts to inject a federal question into this proceeding, none exists, and this declaratory judgment action is before this Court based on diversity jurisdiction. Dec. Action Compl. at ¶ 9. Specifically, the fact that the Auto Policy contains the MCS-90 Endorsement does not give rise to a federal question.  *See Canal Insurance Company v. Butler*, 361 F. Supp. 3d 1227 (W.D. Ala. 2019) (analyzing the MCS-90 endorsement, and applying state law to determine whether the defendant was a "statutory employee" and not the Federal Motor Carrier Act).

Rather, Plaintiff's duty to defend JTI is based solely on the allegations of the Tort Action Complaint and the Auto Policy, nothing else.  *See, e.g.*, *Diamond State Ins. Co. v.* 172 F. Supp. 3d at 1334.  Thus, resolving whether Plaintiff has a duty to defend JTI requires applying Florida contract principles to interpret a Florida-issued insurance policy, with respect to Florida-based tort claims, brought by Florida citizens against Florida residents. Dec. Action Compl. at Ex. B.

Likewise, Plaintiff's duty to indemnify JTI is based on the actual facts that occurred, and the determination of JTI's liability for the Florida-based claims asserted in the Tort Action.  *See, e.g.*, *Johnson-Graham-Malone, Inc.*, 2017 WL 9935189 at *3. Hence, every aspect of the factual and legal issues that the Court will have to evaluate to resolve Plaintiff's duty to defend and indemnify are all Florida substantive law issues with no relation to federal law.  As such, Florida has a significant interest in having its state

court and state fact finder resolve these issues.  *See, e.g.*, *Hermitage Ins. Co. v. Palm Beach Toro, Inc.*, No. 07-80986-CIV-HURLEY, 2008 WL 11333582 at *1–2 (S.D. Fla. June 17, 2008).

> ii.   **The Court's resolution of this declaratory judgment action would not settle the Tort Action.**

This declaratory judgment action seeks only for this Court to resolve Plaintiff's duty to defend and indemnify JTI in the Tort Action.  *See generally* Dec. Action Compl. To the extent Plaintiff seeks anything further, such as a declaration that it does not have to defend or indemnify JTI with respect to "any other putative plaintiff", those claims are speculative and should be ignored.  Dec. Action Compl. at p. 13.

Regardless of how the Court resolves Plaintiff's coverage issues with respect to JTI (or any other person or entity), Brown's estate is entitled to proceed with its claims against Cain, JTI, and Christopher Hampton.  Thus, this Court's resolution of the coverage issues would not resolve, nor otherwise impede the estate of Brown's prosecution of their claims in the Tort Action.  *See, e.g.*, *Hermitage Ins. Co.*, 2008 WL 11333582 at *1–2 (finding that the second *Ameritas* factor weighed in favor of dismissing insurer's declaratory action with regard to duty to defend and indemnify as resolving such coverage issues does not prohibit the underlying plaintiffs' prosecution of claims against insureds in the pending state action).

        **iii.**    **This declaratory judgment action would not serve a useful purpose in clarifying the legal relations at issue as such clarification depends on the resolution of factual issues in the underlying Tort Action.**

The legal relations at issue in this declaratory action are Plaintiff's duty to defend and indemnify JTI in the Tort Action.  Such duties can only be determined by resolving key, disputed issues that are already pending in the Tort Action, namely, whether Brown and Cain were employees of JTI and were performing services in the scope of their alleged employment when the accident occurred.

The Florida court and fact finder in the Tort Action must already answer these questions in resolving the claims against JTI for its alleged vicarious liability for Cain's acts.  Dec. Action Compl. at Ex B.  In fact, discovery of these issues is presently ongoing in the Tort Action. *Id.*  Thus, this Court's resolution of the same issues that the Florida court in the Tort Action is already tasked to resolve would serve no useful purpose. *See, e.g.*, *Mid-Continent Cas. Co.*, 2017 WL 1191383 at *5 (finding that the third *Ameritas* factor favored abstention because the Court's "'clarification [of the coverage questions] can only be determined upon resolution of the [disputed factual issues in the] state proceeding'"); *Johnson-Graham-Malone*, 2017 WL 9935189 at *4 (same).

        **iv.**    **This declaratory judgment action creates "procedural fencing" and ricks friction between state and federal courts.**

Florida law provided Plaintiff with several sufficient procedural remedies to resolve the defense and indemnity issues raised in this declaratory judgment action.  For example, Plaintiff could, without limitation: (1) file a state court declaratory judgment action pursuant to Chapter 86 of the Florida Statutes, *see, e.g.*, *Higgins v. State Farm Fire & Cas.*

*Co.*, 894 So. 2d 5, 9–15 (Fla. 2004); or (2) await a separate state action pursuant to section 627.4136(1) (Florida's nonjoinder statute) to resolve the same coverage issues with regard to any judgment entered against JTI, *see, e.g.*, *Morales v. Zenith Ins. Co.*, 152 So. 3d 557, 560–61 (Fla. 2014). These remedies, however, are not typically removable to federal court as they are collateral or continued proceedings to the judgment, and not original proceedings. *See, e.g.*, *Blue Cross & Blue Shield of Fla., Inc. v. ADCAHB Med. Coverages, Inc.*, No. 3:17-cv-865-J-39PDB, 2018 WL 3599009 at *2–3 (M.D. Fla. Mar. 13, 2018).

Despite the availability of several equally sufficient procedural options available to Plaintiff in the Florida state courts, Plaintiff initially brought this declaratory judgment action in this federal forum, requesting this Court to resolve coverage issues that are, in every aspect, exclusively based on Florida law and have no relation to any federal issue. Thus, Plaintiff is creating friction between state and federal courts by engaging in the very procedural fencing that federal courts seek to avoid.

> **v.   This Court's determination in this Declaratory Judgment action would invade the province of the Florida court and state fact finder.**

As set forth above, resolving Plaintiff's duty to defend and indemnify JTI requires making determinations regarding the facts and circumstances of Brown and Cain's engagement with JTI and whether the accident occurred while Cain was acting within the scope of his alleged employment with JTI.  These are the same issues that the Florida court and fact finder in the Tort Action must evaluate to resolve the estate of Brown's claim against JTI.  Thus, by retaining jurisdiction over this Declaratory Judgment action and resolving the same issues that are pending resolution in the Tort Action, based exclusively

on Florida law, the Court risks invading the province of the Florida state court and fact finder.  *See, e.g.*, *Hermitage Ins. Co.*, 2008 WL 11333582 at \*3.

> ### vi.   The more efficient remedy of this dispute is to have the Florida court in the Tort Action resolve the overlapping issues, rather than conduct conterminous litigations in two different fora.

The factual questions underpinning Plaintiff's duty to defend and indemnify JTI are already pending in the Tort Action.  Hence, it would serve the interests of judicial economy to have all of the factual and legal issues (to include the overlapping issues that inform the resolution of Plaintiff's duty to defend and indemnify JTI), resolved in the Florida state court, rather than have the parties conduct a double-tracked litigation in state and federal court, with the latter having no relation to federal law.  *See, e.g.*, *Johnson-Graham-Malone*, 2017 WL 9935189 at \*4 (finding that the sixth *Ameritas* factor weighed in favor of staying the declaratory action because the federal court could "avoid redundant litigation efforts" by having the underlying state court resolve the overlapping issues).

> ### vii.   The factual issues should be crystalized in the Tort Action, as they are important to this Declaratory Judgment Action.

The interpretation and application of the provisions and exclusions of the Auto Policy at issue in this dispute will require an exhaustive examination of the facts and circumstances of the relationship between JTI and Brown and Cain, and the events that transpired leading up to and during the accident.  Specifically, Plaintiff seeks a declaration that it has no duty to defend JTI based in part on evaluating the actual facts and circumstances of Cain and Brown's engagement with JTI and whether Cain was acting in the scope of his employment when the accident occurred,  and not mere allegations regarding only Cain's employment, alleged in the Tort Action.

In addition to crystallizing the facts of Cain and Brown's engagement with JTI, through discovery which is already well underway in the Tort Action, facts related to Cain's conduct leading up to the accident likewise need to be resolved in the Tort Action. Indeed, as set forth the Tort Action complaint, the estate of Brown contends Cain was under the influence of narcotics, including cocaine, methamphetamine, morphine and fentanyl at the time of the accident.  Dec. Action Compl. at Ex. B, ¶ 13.  The Florida court in the Tort Action will necessarily examine those facts and circumstances in resolving whether Cain was engaged in acts within the course and scope of his employment necessary to determine JTI's vicarious liability for Cain's acts.

Rather than have this federal court crystalize those issues, so that it can resolve Plaintiff's declaratory action, the more economical and sensible approach would be for the Florida court in the Tort Action that is already tasked with examining these factual issues to complete that task because it is already underway.  *See, e.g.*, *Hermitage Ins. Co.*, 2008 WL 11333582 at *3 (finding similarly that the seventh and eighth *Ameritas* factors weighed in favor dismissing insurer's declaratory action because the resolution of insurer's duty to defend and indemnify would require examination of the facts at issue, and the underlying state court was already tasked to evaluate such facts); *Mid-Continent Cas. Co.*, 2017 WL 1191383 at *6 (holding that the seventh and eighth *Ameritas* factors weighed in favor of staying insurer's declaratory action because the action and underlying state action had overlapping factual issues critical to resolving the coverage and liability issues, and the state court was in a better position than the federal court to examine such issues so as to avoid duplicating efforts in trying the same issues twice).

      **viii.** **There is a virtually identical nexus between the underlying factual and legal issues in this declaratory judgment action and Florida substantive law.**

As set forth above, every aspect of the factual and legal issues that this Court will need to evaluate to resolve Plaintiff's duty to defend and indemnify JTI is based on Florida substantive law or arises from Florida-based tort claims.  As such, there is a close nexus between the factual and legal issues in this Declaratory Judgment action and Florida law. *See*, *e.g.*, *Hermitage Ins. Co.*, 2008 WL 11333582 at *4 (finding similarly that the ninth *Ameritas* factor weighed in favor of dismissing insurer's declaratory action because such action raised exclusively Florida state law issues with no reference to federal common or statutory law); *Mid-Continent Cas. Co.*, 2017 WL 1191383 at *5 (holding that the ninth *Ameritas* factor weighed in favor of staying insurer's declaratory action because such action was brought "pursuant to a Florida insurance policy" and federal law did not govern any of the insurer's claims).

      **ix.** **The Court should further stay Plaintiff's declaratory judgment action in its entirety as resolving its duty to defend JTI under these circumstances would upend JTI's Defense of the Tort Action.**

In addition to the *Ameritas* factors, federal courts in Florida are encouraged to consider other factors that are relevant to determining whether to stay or dismiss an insurer's declaratory judgment action when a related state court proceeding is pending. *See*, *e.g.*, *Great Lakes Reinsurance (UK) PLC v. TLD Ltd.*, 298 F. App'x. 813, 816 (11th Cir. 2008) (noting that the *Ameritas* factors are "not exclusive" and thus it was appropriate for the district court to consider "other factors" outside of the *Ameritas* factors in staying the declaratory judgment action).

Here, the risk of complicating JTI's current defense in the Tort Action further warrants a stay of the declaratory judgment action in its entirety, to include the duty to defend under these circumstances.  Plaintiff is already defending JTI.  Dec. Action Compl. at ¶ 29.  Thus, were this Court to declare Plaintiff has no duty to defend JTI, JTI would be forced to bring in new counsel, whose representation of JTI would be impaired by virtue of having not been a part of the proceedings in the Tort Action for the first seven months of its pendency.  There is also an enormous cost to JTI in getting new attorneys retained and brought up to speed on the case.

Moreover, there has been no amendment to the pleadings in the Tort Action.  In other words, there has been no change to the face of the complaint in the Tort Action or within the four corners of the policy, since Plaintiff's initial decision to defend JTI.  Thus, it is untenable for Plaintiff to now contend, after JTI has relied on the provision of defense counsel for many months, that it does not have a duty to defend JTI.  The additional reliance factor, and the detriment and prejudice to JTI if it must retain different counsel, further support a stay of this proceeding.

> **x.    Should the Court nevertheless wish to proceed in resolving the duty to defend, the Court should resolve such duty based solely on the allegations of the Tort Action complaint and not extrinsic, overlapping and disputed facts.**

As explained above, Plaintiff's entire argument in support of its entitlement to a declaration it has no duty to defend JTI is predicated on the notion that **<u>Brown was an employee of JTI at the time of the accident.</u>**  *See generally* Dec. Action Compl. **<u>However, Plaintiff concedes the Tort Action is silent as to whether Brown was an employee of JTI</u>**.  Dec. Action Compl. at ¶ 28.

In an apparent effort to overcome this critical impediment to its claim, Plaintiff (1) improperly seeks to inject the Motor Carrier Act definition of employee, despite the policy expressly defining the term "employee" without reference to the Motor Carrier Act, and (2) improperly requests the Court to look beyond the mere allegations of the Tort Action complaint, and evaluate extrinsic, disputed factual issues regarding the nature of Brown's engagement with JTI and Cains' conduct leading up to and at the time of the accident. Initially, and as set forth above, the Federal Motor Carrier Act's definition of "employee" has no application to this proceeding. *See Canal Insurance Company v. Butler*, 361 F. Supp. 3d at 1231-1233.

Moreover, because the Florida court in the Tort Action is already tasked with evaluating the same disputed issues as a necessary step to resolving the estate of Brown's claims against JTI, the risk of this Court encroaching on the Florida court's jurisdiction in resolving these Florida-based issues and wasting judicial resources warrants a stay of the requested declaration as to the duty to defend, rather than an examination of this extrinsic evidence to determine Plaintiff's duty to defend.

Nevertheless, should the Court wish to proceed in resolving Plaintiff's duty to defend JTI in the Tort Action, JTI requests that the resolution of such duty be confined to evaluating the operative complaint in the Tort Action and the Auto Policy at issue herein, in accord with Florida law.

III.     **Christopher Hampton is a Necessary or Indispensable Party and if Joinder is Feasible, He Should be Joined; if not, Plaintiff's Declaratory Action Complaint Should be Dismissed**

Pursuant to Rule 12(b)(7), *Federal Rules of Civil Procedure*, the defense of non-joinder must be made by motion or in an initial pleading. "Non-joinder occurs when a person who is needed for just adjudication is not a party to an action and: (1) 'the court cannot accord complete relief among existing parties' absent joinder; or (2) the person to be joined 'claims an interest relating to the subject of the action' and resolution of the action absent joinder will impair or impede the person's ability to protect the interest[.]'" *U.S. Liability Ins. Co. v. Allen Broussard Conservancy, Inc.*, 2015 WL 3495972.

If joinder will not deprive the court of subject matter jurisdiction and the person to be joined is subject to service of process, the person is a necessary party and joinder of that person should occur. *Id.* In such a circumstance, the Court "must order that person be made a party", pursuant to Rule 19(a)(2), *Federal Rules of Civil Procedure.*

If it is infeasible to join a person who is required to be joined, the Court must determine whether the action should continue in that person's absence. Rule 19(b), *Federal Rules of Civil Procedure.* If the Court concludes the action cannot proceed, then the person is indispensable and dismissal is required. *In re Torcise,* 116 F.3d 860, 866 (11th Cir.1997).

Here, Christopher Hampton has a substantial interest in preserving coverage over the Subject Tractor and Trailer as Plaintiff has conceded those instrumentalities are covered under the Auto Policy. Thus, if liability coverage is lost, Christopher Hampton may incur unnecessary personal liability to Brown's estate, that would otherwise be covered under

the Auto Policy if coverage is preserved.  Thus, Christopher Hampton has a substantial interest relating to the subject of this action [insurance coverage], and a resolution of this action absent his joinder will impair or impede his ability to protect his interest.

It appears from the pleadings in the Tort Action that Christopher Hampton is subject to service of process as he is a Florida resident and, likewise, he would not destroy diversity in this case.  Thus, to the extent the Court does not deem this matter appropriate for dismissal or a stay based on the pendency of the Tort Action and the overlapping issues, it should be ordered that Christopher Hampton be added as a party defendant to this Declaratory Judgment action.  If Plaintiff is unable to add him as a party, this matter should be dismissed for lack of an indispensable party.

WHEREFORE, Defendant, Jacksonville Transportation, Inc. respectfully requests that this Court enter an Order dismissing Plaintiff, Knight Specialty Insurance Company's Declaratory Judgment action.  Alternatively, JTI requests a stay of this Declaratory Judgment action, in its entirety, pending the resolution of the Tort Claim.  Should the Court choose to proceed in resolving the duty to defend, JTI requests that this Court enter an Order staying the declaratory judgment action with regard to Plaintiff's duty to indemnify, and limit the resolution of the duty to defend to the operative complaint in the Tort Action and the Auto Policy at issue herein, preclude the parties from engaging in other extrinsic factual discovery to avoid overlapping fact finding between the two courts, and order Christopher Hampton be added as a party Defendant.

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

/s/  James H. Cummings
JAMES H. CUMMINGS
Florida Bar No.: 27657
jcummings@sgrlaw.com
lfelici@sgrlaw.com
JOSEPH C. CRAWFORD
Florida Bar No. 124653
jcrawford@sgrlaw.com
tgreene@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
(904) 598-6127 (phone)
(904) 598-6227 (facsimile)

*Attorneys for Defendant, Jacksonville Transportation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 29th day of October, 2020, a copy of the foregoing was furnished via the Court's CM/ECF system upon:

Daniel Novigrod, Esq.
Florida Bar No. 775401
Ardalan Montazer, Esq.
Florida Bar No. 1013546
HIGHTOWER, STRATTON, NOVIGROD &
KANTOR
4770 Biscayne Blvd.
Ste. 1200
Miami, Florida 33137
Tel: (305) 539-0909
Fax: (305) 530-0661
Email: miaservice@hightowerlaw.net

*Attorneys for Plaintiff, Knight Specialty Insurance Company*

*/s/      James H. Cummings*
Attorney

# EXHIBIT A

# DAVID R. ELLSPERMANN
### CLERK of the CIRCUIT COURT and COMPTROLLER
### MARION COUNTY, FLORIDA

New Search   Expand All

| Case Number | Filed Date | Case Type | Status | Contested | Jury Trial |
|---|---|---|---|---|---|
| 422020CA000611CAAXXX [20CA000611AX] | 04/01/2020 | Circuit Civil 3-D | OPEN | NO | YES |

| Filing Date | Description | Active | Contested | Judgment Date |
|---|---|---|---|---|
| 04/01/2020 | AUTO NEGLIGENCE | YES | NO | - |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| SCOTT, EDWARD LEON | JUDGE | | |
| WEAVER, KIMBERLY  Search This Party | PLAINTIFF | GILLEN, PATRICK ALEXANDER | 470724 |
| JACKSONVILLE TRANSPORT INC  Search This Party | DEFENDANT | KEELEY, BRENDAN N | 22647 |
| HAMPTON, CHRISTOPHER  Search This Party | DEFENDANT | | |
| AS PERSONAL REPRESENTATIVE OF  Search This Party | ALSO KNOWN AS | | |
| RONNIE BROWN,  Search This Party | ALSO KNOWN AS | | |
| A FLORIDA CORPORATION  Search This Party | ALSO KNOWN AS | | |
| THE ESTATE OF MARTIN ALLEN CAI  Search This Party | DEFENDANT | | |

## Dockets

Page : 1    ALL ▼

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 37 | 10/12/2020 | RESPONSE TO REQUEST TO PRODUCE FILED BY PLTF KIMBERLY WEAVER | 6 |
| | 36 | 10/12/2020 | NOTICE OF ANSWERS TO INTERROGATORIES FILED BY PLTF KIMBERLY WEAVER | 2 |
| | 35 | 08/31/2020 | REPLY TO AFFIRMATIVE DEFENSES FILED BY PLTF KIMBERLY WEAVER | 3 |
| | 34 | 08/26/2020 | REQUEST TO PRODUCE FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 4 |
| | 33 | 08/26/2020 | NOTICE OF SERVING INTERROGATORIES FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 2 |
| | 32 | 08/24/2020 | ANSWER AND AFFIRMATIVE DEFENSES FILED BY DEFT JACKSONVILLE TANSPORTATION INC | 7 |
| | 31 | 08/18/2020 | ORDER GRANTING MOTION PLTF MOTION TO EXTEND DEADLINE FOR SERVICE EXTENDS THE CURRENT SERVICE DEADLINE BY 120 DAYS | 1 |
| | 30 | 08/04/2020 | ORDER ON DEFTS MOTION TO DISMISS COMPLAINT | 5 |
| | 29 | 07/29/2020 | MOTION-MOTION FOR EXTENSION OF TIME TO SERVE DEFT FILED BY PLTF KIMBERLY WEAVER | 3 |
| | 28 | 07/24/2020 | NOTICE OF SERVICE OF PROPOSAL FOR SETTLEMENT FILED BY PLTF KIMBERLY WEAVER | 2 |
| | 27 | 07/08/2020 | DEFAULT NOT ENTERED | 3 |
| | 26 | 06/25/2020 | REQUEST FOR COPIES FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 2 |
| | 25 | 06/24/2020 | NOTICE OF PRODUCTION NON-PARTY | 5 |
| | 24 | 06/05/2020 | NOTICE OF ANSWERS TO INTERROGATORIES FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 3 |
| | 23 | 05/27/2020 | ANSWER/RESPONSE-RESPONSE TO MOTION TO DISMISS FILED BY PLTF KIMBERLY WEAVER | 2 |
| | 22 | 05/26/2020 | NOTICE OF SERVING INTERROGATORIES FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 3 |
| | 21 | 05/26/2020 | RESPONSE TO REQUEST TO PRODUCE FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 7 |
| | 20 | 05/22/2020 | MOTION TO DISMISS FILED BY DEFT JACKSONVILLE TRANSPORTATION INC | 4 |
| | 19 | 05/15/2020 | NOTICE OF APPEARANCE FILED BY DEFT JACKSONVILLE TRANPORTATION INC | 2 |
| | 18 | 05/15/2020 | DESIGNATION OF EMAIL ADDRESS | 2 |
| | 16 | 05/05/2020 | EFILED MOTION FOR DEFAULT | 3 |
| | 15 | 04/14/2020 | SUMMONS RETURNED SERVED FOR DEFT JACKSONVILLE TRANSPORT INC | 2 |
| | 14 | 04/02/2020 | NOTICE OF SERVING INTERROGATORIES FILED BY PLTF KIMBERLY WEAVER | 2 |
| | 13 | 04/02/2020 | NOTICE OF SERVING INTERROGATORIES FILED BY PLTF KIMBERLY WEAVER | 2 |
| | 12 | 04/02/2020 | REQUEST TO PRODUCE FILED BY PLTF KIMBERLY WEAVER | 4 |
| | 11 | 04/02/2020 | REQUEST TO PRODUCE FILED BY PLTF KIMBERLY WEAVER | 6 |
| | 10 | 04/02/2020 | SUMMONS ISSUED | 2 |
| | 9 | 04/02/2020 | SUMMONS ISSUED | 3 |
| | 4 | 04/02/2020 | Payment received: $420.00 Receipt Number XX 523483 | |
| | 2 | 04/02/2020 | Judge: Assigned | |
| | 8 | 04/01/2020 | EFILED SUMMONS | 3 |
| | 7 | 04/01/2020 | EFILED SUMMONS | 2 |
| | 6 | 04/01/2020 | PETITION/COMPLAINT | 12 |

| Image | Doc # | Action Date | Description | Pages |
|---|---|---|---|---|
| | 5 | 04/01/2020 | CIVIL COVER SHEET | 2 |
| | 3 | 04/01/2020 | Assessment 1 assessed at sum $420.00 | |
| | 1 | 04/01/2020 | Case 422020CA000611CAAXXX Filed with Clerk on 4/1/2020 | |

**Judge Assignment History**

**Court Events**

**Financial Summary**

**Reopen History**

** Pursuant to Florida Statutes and Florida Rules of Court Procedure, records that have been designated as expunged, sealed or confidential may not be available through this service. For additional information on specific records please contact the Clerk of Court.