**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KNIGHT SPECIALTY INSURANCE COMPANY,
        Plaintiff,

v.

JACKSONVILLE TRANSPORTATION, INC.;
KIMBERLY WEAVER, as Personal Representative of
the Estate of RONNIE BROWN; and The Estate of
MARTIN ALLEN CAIN,
        Defendants.
_____/

CIVIL NO. 3:20-cv-1139

## **DEFENDANT WEAVER'S MOTION TO DISMISS OR STAY**

Defendant Weaver requests that the Court dismiss, or alternatively stay, this insurance coverage action because it seeks premature—and perhaps unnecessary—relief. Specifically, Knight Specialty Insurance Company seeks a declaration as to whether it is obligated to defend and indemnify Jacksonville Transportation, Inc. But the Eleventh Circuit and this Court have made it clear: the duty to indemnify is not ripe until the underlying case resolves, as District Courts' time is too valuable to spend on hypotheticals.

Likewise, the duty to defend claim fails under the eight corners rule, which confines the Court's review to the four corners of the declaratory judgment and underlying complaints. The declaratory judgment complaint here contends that the policy bars coverage for wrongful death claims arising in the course and scope of employment. But it also concedes the underlying complaint "is silent" as to whether Ronnie Brown was an employee and, if so, whether he was in the course and scope of employment. As such, the duty to defend claim fails to state a cause of action.

I.     **The basis for the request: the pending state court action.**

Kimberly Weaver's son, Ronnie Brown, was killed in a semi-truck crash on April 24, 2019.  D.E. 1-1, pp. 63-64.  At the time of the crash, Brown was "asleep in the sleeper berth" and co-defendant Martin Allen Cain was driving the tractor-trailer.  *Id.*  The trailer was leased by Jacksonville Transportation, Inc. ("JTI").[1]  *Id.* at 64.  Weaver filed the state court case in Marion County on April 1, 2020, asserting a negligence claim against Cain, and negligence and vicarious liability against JTI (via respondeat superior and dangerous instrumentality).  *Id.* at 4-10.

The "course and scope" issue is central to both the claims and defenses in the underlying case.  This fact is most readily evidenced by JTI's affirmative defenses, which include:

> ➢ "JTI is ***not vicariously liable for the actions of MARTIN ALLEN CAIN***, as Mr. CAIN was an ***independent contractor*** . . . ."  Ex. A, p. 6. (emphasis added).
>
> ➢ "***To the extent*** that ***Ronnie Brown is deemed to be a statutory employee*** based on Florida's Worker's Compensation Statute, the Plaintiff's claims are ***barred by the Worker's Compensation Immunity Defense*** . . . ."  *Id.* (emphasis added).

Weaver promptly denied both affirmative defenses, demanding "strict proof thereof."  Ex. B, p. 2.  Now, months after the underlying case was filed and has advanced

---

[1] The tractor-trailer was owned by underlying defendant Christopher Hampton, who is not a party to this coverage dispute.

2

beyond the pleading stage, Knight Specialty seeks a new forum to resolve the same exact factual disputes. In doing so, Knight Specialty concedes that JTI is a named insured under the policy in question. D.E. 1, p. 1. But it seeks to exculpate itself from coverage on two grounds—each of which centers around whether Brown, Cain, or both, were engaged in the "course and scope" of JTI's employment.

In Count I, Knight Specialty contends that coverage is barred by exclusions for: (1) an employee's death suffered "in the course and scope of his employment" with JTI; or (2) for an employee's death caused by another employee's actions "while the 'employees' are in the course and scope of their employment." D.E. 1, p. 12. Then, in Count II, Knight Specialty contends there is no coverage pursuant to the "MCS-90 Endorsement," which provides that the policy "does not apply to injury to or death of the insured's employees *while engaged in the course of their employment* . . . ." *Id.* at 13 (emphasis added).

## II. Memorandum of law: this action is not ripe as to the duty to indemnify and fails to state a claim as to the duty to defend.

The Declaratory Judgment Act is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005) (quotations omitted). The Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Id.* As such, "district courts have substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Id.* at 1132 (quotations omitted). The Supreme Court and the Eleventh Circuit have each warned that, in exercising this broad discretion, "gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* at (quoting

3

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942)). Accordingly, in deciding whether to hear a declaratory judgment action, the District Court should be guided by "considerations of federalism, efficiency, and comity." *Ameritas*, 411 F. 3d at 1330-31.

Here, both the governing law and the considerations of federalism, efficiency, and comity require that Knight Specialty's complaint be dismissed or stayed. This is so because the duty to indemnify is not ripe (JTI may or may not be found liable), and Knight Specialty has failed to state a claim as to the duty to defend under the eight corners rule.

    A.  <u>The duty to indemnify is not ripe as the underlying case is pending.</u>

The Eleventh Circuit recently held that the "duty to indemnify . . . is not ripe for adjudication until the underlying lawsuit is resolved." *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 Fed. Appx. 768, 770 (11th Cir. 2019). The Court relied on a former Fifth Circuit opinion which held that a coverage apportionment dispute "was not ripe until the insured's liability was established because the issue 'might never arise.'" *Delacruz*, 766 Fed. Appx. at 770, quoting *Am. Fid. & Cas. Co. v. Pennsylvania Threshermen & Farmers' Mut. Cas. Ins. Co.,* 280 F.2d 453, 461 (5th Cir. 1960). The Eleventh Circuit emphasized the Fifth Circuit's rationale that "it is not the function of a United States District Court to sit in judgment on these nice and intriguing questions which today may readily be imagined, but may never in fact come to pass." *Id.* And, of course, "[a]ll cases decided by the former Fifth Circuit Court of Appeals prior to the close of business on September 30, 1981, are binding on the Eleventh Circuit and on all district courts within the Eleventh Circuit." *Bowman v. United States*, 848 F. Supp. 979, 982 (M.D. Fla. 1994).

The Eleventh Circuit's holding in *Delacruz* was not news to this Court, which previously recognized: "federal law provides that an insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit." *Allied World Surplus Lines Ins. Co. v. Blue Cross & Blue Shield of Florida, Inc.*, 3:17-CV-365-J-20JBT, 2017 WL 9938086, at *2 (M.D. Fla. Dec. 6, 2017) (Schlesigner, J.) (citations and quotations omitted). *Allied World* was a coverage dispute regarding an errors and omissions liability policy arising from ongoing antitrust actions. *Id.* The Court observed that the coverage action was "clearly entangled with the pending Antitrust Litigation since whether there is coverage under the E&O Policy depends on the facts of the underlying case, which have not been developed." *Id.* As such, the Court was concerned that, "[i]f this case is allowed to proceed while the Antitrust Litigation also is pending, this Court will have to make findings of fact that may conflict with the findings of the underlying courts." *Id.*

Here, as in *Delacruz*, *Pennsylvania Threshermen*, and *Allied World*, the underlying case remains pending. While Weaver certainly believes she will succeed at trial, there are no guarantees in litigation. It's possible JTI will not be found liable. This Court should not spend precious resources resolving this case while the necessity of doing so remains up in the air.

This conclusion is bolstered by the fact that, as in *Allied World*, the facts of this coverage action are "clearly entangled" with the facts at issue in the underlying case. The central issue here—whether Brown, Cain, or both were in the "course and scope" of employment (D.E. 1, pp. 12-13)—is at the heart of the underlying claims and defenses.

Weaver's respondeat superior claim against JTI requires proof that Cain was "acting in the course and scope of employment." *Delaurentos v. Peguero*, 47 So. 3d 879, 882 (Fla. 3d DCA 2010). And the same is true for JTI's defense that Cain was an independent contractor and not an employee acting within the course and scope, as well as its defense that Brown was acting within the course and scope such that workers compensation immunity applies. *See Georgia-Pac. Corp. v. Charles*, 479 So. 2d 140, 142 (Fla. 5th DCA 1985) (listing factors to determine whether the tortfeasor was an employee acting within the course and scope of employment so as to render the employer vicariously liable, or instead, whether the tortfeasor was an independent contractor); *Barnett v. Bank of Am. Corp.*, 45 So. 3d 948, 951 (Fla. 3d DCA 2010) (explaining that "[o]rdinarily workers' compensation provides the exclusive remedy" for injuries sustained "in the course and scope of employment").

Consequently, as in *Allied World*, the Court would be placed in the precarious position of having to "make findings of facts that may conflict with the findings of the underlying courts." *Allied World*, 2017 WL 9938086 at *2. The Court should avoid that conundrum and instead dismiss or stay this case.

B. <u>The duty to defend claim fails to state a cause of action.</u>

Eleventh Circuit courts "are required to apply state law when construing insurance policies." *Travelers Indem. Co. v. PCR Inc.*, 326 F.3d 1190, 1193 (11th Cir. 2003), certified question answered, 889 So. 2d 779 (Fla. 2004). And "[u]nder Florida law, the determination of an insurer's duty to defend falls under the so-called '***eight corners rule***,' the name of which refers to the ***four corners of the insurance policy*** and the ***four corners***

6

*of the underlying complaint*." *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n*, 721 F. App'x 847, 854 (11th Cir. 2017) (citations and quotations omitted) (emphasis added). Critically, the "duty to defend is distinct from and broader than the duty to indemnify ... and if the [underlying] complaint ***alleges facts showing two or more grounds for liability***, one being within the insurance coverage and the other not, the insurer is obligated to defend the entire suit." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (emphasis added) (citations and quotations omitted). This means "[t]he insurer must defend when the complaint alleges facts which fairly and ***potentially bring*** the suit within policy coverage." *Id.* (emphasis added). And, "[i]f the allegations of the complaint ***leave any doubt*** as to the duty to defend, the question must be resolved in favor of the insured." *Id.* (emphasis added).

      Under the eight corners rule, an insurer fails to state a cause of action with respect to the duty to defend where the "Underlying Complaint does not allege the . . . exclusion to the [insurer's] duty to indemnify." *Mid-Continent Cas. Co. v. Gozzo Dev., Inc.*, 17-CV-80362, 2017 WL 3578846, at *2 (S.D. Fla. July 19, 2017). The underlying state court action in *Gozzo* was a construction defect case brought by Anne Esker. *Id.* Esker alleged various defects in the property she purchased which had been renovated by Gozzo Development, Inc. ("GDI") and Clay Lane Rental Limited Partnership ("Clay Lane"). *Id.* at *2. The insurer, Mid-Continent Casual Company ("MCC") sought a declaration that it was under no duty to defend or indemnify GDI or GDI's owner, Gregory Gozzo. *Id.* MCC argued that GDI and Clay Lane had a joint venture, and as such, the joint venture exclusion under its policy barred coverage. *Id.* However, the underlying complaint did "not allege that

7

Defendants conceded that GDI and Clay Lane formed a joint venture, and [GDI and Clay Lane] argue[d] that they [did] not so concede." *Id.* at *3. As such, the Court granted Esker's motion to dismiss, reasoning: "Because the Parties do not dispute that the Underlying Complaint does not allege a joint venture between GDI and Clay Lane, the joint venture exception does not relieve MCC of its duty to defend." *Id.*

Here, Knight Specialty's two counts for declaratory relief on its duty to defend hinge on the same issue: whether Brown was within the "course and scope" of employment by JTI. D.E. 1, p. 12. The underlying complaint does not allege he was within the course and scope. Instead, it alleges he was "asleep." D.E. 1-1, pp. 63-64. Knight Specialty admits as much, stating: "In her complaint, ***[Weaver] does not state the relationship*** between [Brown], [Cain], and [JTI]; essentially, ***[Weaver's] Complaint is silent as to*** the fact that [Brown] was an ***employee*** of [JTI] and was in the ***course and scope*** of his employment with [JTI] when he was killed." D.E. 1, p. 9 (emphasis added). This admission resolves the dispute on the duty to defend under the eight corners rule because: (1) the four corners of the declaratory judgment action make it clear that coverage is only barred if Brown was within the course and scope of employment; and (2) the four corners of the underlying complaint are "silent" as to whether Brown was in the course and scope of employment. Therefore, as in *Gozzo*, Knight Specialty has failed to state a cause of action as to the duty to defend.

Because the eight corners doom the duty to defend count, it's possible Knight Specialty will ask this Court to venture beyond the two complaints and instead wade into extrinsic evidence. That route is rarely proper and, in this case, would only serve to further

8

undermine Knight Specialty's argument on the duty to defend. As explained by the Eleventh Circuit, "a court may consider extrinsic facts if those facts are undisputed, and, had they been pled in the complaint, they clearly would have placed the claims outside the scope of coverage." *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1323 (11th Cir. 2014). This is not such an extraordinary case. It's a routine negligence action in which the claims and defenses will hinge on factual disputes to be resolved by the state court jury.

Moreover, Knight Specialty would fare no better even if a resort to extrinsic evidence were proper here. Such evidence would only show that the "course and scope" issue remains very much in dispute in the underlying case. Indeed, as stated above, JTI's "independent contractor" and "workers compensation immunity" defenses each revolve around establishing that Cain and Brown were in the "course and scope" of JTI's employment.  Ex. A, p. 6. Weaver has denied both of those defenses, "demanding strict proof thereof." Ex. B, p. 2. Consequently, a resort to extrinsic evidence highlights the disputed nature of this issue—far from being an "undisputed issue" removing all ambiguity, as Knight Specialty's potential argument would require.

## **CONCLUSION**

This declaratory judgment action is not ripe as to the duty to indemnify and fails to state a cause of action with respect to the duty to defend.  As a result, this case should be dismissed or stayed so that the state court case may proceed towards a resolution—at which point the coverage determination Knight Specialty now seeks may or may not be necessary.

9

## CERTIFICATE OF SERVICE

**I Hereby Certify** that on October 30, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide copies to the court's designated recipients.

*/s/ William C. Ourand*
P. Alexander Gillen
Florida Bar No. 470724
William C. Ourand
Florida Bar No. 092503
NEWSOME MELTON
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
Tel: (407) 648-5977
Email:Gurney@newsomelaw.com
teesha@newsomelaw.com
elyse@newsomelaw.com
gurneyservice@newsomelaw.com
gurneyscheduling@newsomelaw.com

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT, IN AND FOR MARION COUNTY, FLORIDA

CASE NO.:   20-CA-0611

KIMBERLY WEAVER, as Personal
Representative of the Estate of Ronnie
Brown,

       Plaintiff,

vs.

JACKSONVILLE TRANSPORTATION,
INC., a Florida Corporation, CHRISTOPHER
HAMPTON, an individual, and the Estate
of MARTIN ALLEN CAIN,

       Defendants.
_____/

## DEFENDANT, JACKSONVILLE TRANSPORTATION, INC.'S, ANSWER AND AFFIRMAITVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, JACKSONVILLE TANSPORTATION, INC.'S ("JTI"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff, KIMBERLY WEAVER, as Personal Representative of the Estate of Ronnie Brown's, Complaint and in support thereof, state as follows:

    1.    Denied.

    2.    Unknown and therefore denied.

    3.    Unknown and therefore denied.

    4.    Unknown and therefore denied.

    5.    Unknown and therefore denied.

        a.  Unknown and therefore denied.

        b.  Unknown and therefore denied.

      c.  Unknown and therefore denied.

      d.  Unknown and therefore denied.

6. Unknown and therefore denied.

7. Unknown and therefore denied.

8. Denied as phrased.

9. Admitted.

10. Admitted.

11. Unknown and therefore denied.

      a.  Unknown and therefore denied.

      b.  Unknown and therefore denied.

      c.  Unknown and therefore denied.

      d.  Unknown and therefore denied.

      e.  Unknown and therefore denied.

      f.  Unknown and therefore denied.

12. Unknown and therefore denied.

## The Subject Crash

13. Unknown and therefore denied.

14. Unknown and therefore denied.

15. Unknown and therefore denied.

16. Denied.

17. Denied.

## COUNT I

## Negligence Against MARTIN ALLEN CAIN

The cause of action in Count I of the Plaintiff's Complaint contained in paragraphs 18 though 22, including all subparts and all relief sought in the "WHEREFORE" clause, is not directed to JTI and, therefore no response by JTI is required. To the extent that any response from JTI is required, JTI denies the same.

## COUNT II

### Vicarious Liability against JACKSONVILLE TRANSPORTATION

23. JTI hereby re-affirms and re-asserts its responses in paragraphs 1 through 17 above as if fully stated herein.

24. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

25. Denied.

26. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

**WHEREFORE**, Defendant, JACKSONVILLE TRANSPORTATION, INC., hereby demands judgment in its favor, that Plaintiff take nothing by way of their Complaint, for an award of Defendant's reasonable attorneys' fees and costs, and for any other relief the Court deems just and proper.

## COUNT III

### Negligence against JACKSONVILLE TRANSPORTATION

27. JTI hereby re-affirms and re-asserts its responses in paragraphs 1 through 17 above as if fully stated herein.

28. Denied.

29. Denied.

30. Denied.
    a. Denied.
    b. Denied.
    c. Denied.
    d. Denied.
    e. Denied.

31. Denied.

32. Denied.
    a. Denied.
    b. Denied.
    c. Denied.
    d. Denied.

**WHEREFORE**, Defendant, JACKSONVILLE TRANSPORTATION, INC., hereby demands judgment in its favor, that Plaintiff take nothing by way of their Complaint, for an award of Defendant's reasonable attorneys' fees and costs, and for any other relief the Court deems just and proper.

4

## COUNT IV

### Liability Against CHRISTOPHER HAMPTON

The cause of action in Count IV of the Plaintiff's Complaint contained in paragraphs 33 through 36, including all subparts and all relief sought in the "WHEREFORE" clause, is not directed to JTI and, therefore no response by JTI is required. To the extent that any response from JTI is required, JTI denies the same.

### DEMAND FOR JURY TRIAL

JTI demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

1. JTI states that if the any damages are awardable to the Plaintiff as a result of the occurrences alleged, it was due to the deceased, Ronnie Brown's, own negligence or the negligence of MARTIN ALLEN CAIN, CHRISTOPHER HAPMTON, Sukaram Singh Sekhon, and Hart Enterprises, Inc., but not by any negligence on the part of JTI.

2. Any damages allegedly incurred by the Plaintiff are the result of an unavoidable accident rather than there being any negligence on the part of the Defendant, its agents, independent contractors, or employees.

3. Defendant demands a setoff of all payments made to or on behalf of the Plaintiff from all collateral sources.

4. The Defendant states that although this Defendant has denied liability to the Plaintiff, any liability found on the part of this Defendant and any damages awarded in favor of the Plaintiff are subject to the comparative fault provisions of Florida State Section § 768.81, and this Defendant cannot be held liable for more than his proportionate share of any non-economic damages awarded. Further, pursuant to Fabre v. Marin 623 So. 2d 1182 (Fla. 1993); Allied-

5

Signal, Inc. v. Fox, 623 So. 2d 1180 (Fla. 1993); and Messmer v. Teacher's Insurance Co., 588 So. 2d 610 (Fla. 5th DCA 1991), any damages awarded to the Plaintiff are subject to apportionment by the jury of the total fault of all participants associated with the subject incident. Including, but not limited to, Ronnie Brown, MARTIN ALLEN CAIN, CHRISTOPHER HAPMTON, Sukaram Singh Sekhon, and Hart Enterprises, Inc. JTI reserves the right to supplement additional *Fabre* Defendants as discovery is ongoing.

5. JTI is not vicariously liable for the actions of MARTIN ALLEN CAIN, as Mr. CAIN was an independent contractor and JTI did not own the vehicle being driven by Mr. CAIN.

6. To the extent that Ronnie Brown is deemed to be a statutory employee based on Florida's Worker's Compensation Statute, the Plaintiff's claims are barred by the Worker's Compensation Immunity Defense and/or barred pursuant to Florida Statute § 440.09, as Ronnie Brown was under the influence of drugs.

7. JTI states that this action is governed by the provisions of Florida Statutes §§768.77, 768.78 and 768.81, in regards to any claims for economic losses, payment of damages awards, principles of joint and several liability and comparative fault.

8. JTI states that it is not negligent as it discharged any duty owed to the deceased, including, but not limited by, complying with all federal and state transportation laws.

9. The Defendant states that the Plaintiffs' claims are barred as a result of Ronnie Brown's failure to wear an operational seatbelt at the time of the collision

10. The damages allegedly suffered by the Plaintiffs were due to circumstances, conditions or events beyond the control of the JTI, and were not reasonably foreseeable by a prudent person.

11. The Plaintiff's action is barred by Section 768.36 of the Florida Statutes as Ronnie

Brown was under the influence of alcohol and/or drugs and as a result of his intoxication Mr. Brown was more than fifty percent at fault for his death.

12. JTI reserves the right to amend these affirmative defenses as discovery is ongoing.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court and electronically served on all counsel of records through the Statewide E-Filing Portal on this 24th day of August, 2020.

>  */s/ Brendan N. Keeley*
> **BRENDAN N. KEELEY, ESQUIRE**
> Florida Bar Number: 22647
> **FRED P. WHITE, ESQUIRE**
> Florida Bar Number: 97359
> **BAUMANN, GANT & KEELEY, P.A.**
> 1200 Riverplace Blvd., Suite 620
> Jacksonville, Florida 32207
> 904/619-7129 telephone
> 904/374-8964 facsimile
> bkeeley@baumannlegal.com
> fwhite@baumannlegal.com
> jbudde@baumannlegal.com
> bredish@baumannlegal.com
> mlewis@baumannlegal.com
> *Attorneys for Defendant, Jacksonville Transportation, Inc.*

IN THE CIRCUIT COURT OF THE FIFTH
JUDICIAL CIRCUIT IN AND FOR
MARION COUNTY FLORIDA

CASE NO: 20-CA-0611

KIMBERLY WEAVER, as Personal
Representative of the Estate of Ronnie Brown,

    Plaintiff,

v.

JACKSONVILLE TRANSPORTATION,
INC., a Florida Corporation; CHRISTOPHER
HAMPTON, an individual; and the Estate of
MARTIN ALLEN CAIN

    Defendants.
_____/

## PLAINTIFF'S REPLY TO AFFIRMATIVE DEFENSES

**COME NOW** the Plaintiff KIMBERLY WEAVER, as Personal Representative of the Estate of Ronnie Brown by and through her undersigned counsel, and hereby file this reply to the affirmative defenses served by the Defendant, JACKSONVILLE TRANSPORTATION, INC., and states as follows:

1. Plaintiff denies Defendant, JTI's First Affirmative Defense and demands strict proof thereof. To the extent this Affirmative Defense attempts to apportion fault to non-parties, it has failed to specify the negligence of those non-parties with sufficient particularity to permit further response.

2. Plaintiff denies Defendant, JTI's Second Affirmative Defense and demands strict proof thereof.

3. Plaintiff denies Defendant, JTI's Third Affirmative Defense and demands strict proof thereof.

4. Plaintiff denies Defendant, JTI's Fourth Affirmative Defense and demands strict proof thereof. To the extent this Affirmative Defense attempts to apportion fault to non-parties, it has failed to specify the negligence of those non-parties with sufficient particularity to permit further response.

5. Plaintiff denies Defendant, JTI's Fifth Affirmative Defense and demands strict proof thereof. Defendant Martin Allen Cain was a statutory employee of Defendant, JTI pursuant to Florida Statute sec. 316.302.

6. Plaintiff denies Defendant, JTI's Sixth Affirmative Defense and demands strict proof thereof. JTI failed to secure worker's compensation coverage for Ronnie Brown and is thus not entitled to the benefits of worker's compensation laws.

7. Plaintiff denies Defendant, JTI's Seventh Affirmative Defense and demands strict proof thereof.

8. Plaintiff denies Defendant, JTI's Eighth Affirmative Defense and demands strict proof thereof. JTI was the employer of Martin Allen Cain and permitted him to operate a commercial motor vehicle while under the influence of drugs which is contrary to federal and state transportation laws.

9. Plaintiff denies Defendant, JTI's Ninth Affirmative Defense and demands strict proof thereof. A seatbelt was not available to Ronnie Brown at the time of the crash as he was in the sleeper berth.

10. Plaintiff denies Defendant, JTI's Tenth Affirmative Defense and demands strict proof thereof. Defendant JTI should have foreseen that putting Martin Allen Cain behind the wheel of a commercial motor vehicle while he was under the influence of drugs was a willful and wanton disregard for the health, safety, and welfare of

    the motoring public.

11. Plaintiff denies Defendant, JTI's Eleventh Affirmative Defense and demands strict proof thereof.

12. Plaintiff denies Defendant, JTI's Twelfth Affirmative Defense and demands strict proof thereof.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of August, 2020, I electronically filed the foregoing with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following counsel of record:

**BRENDAN N. KEELEY, ESQUIRE and FRED P. WHITE, ESQUIRE;**
bkeeley@baumannlegal.com**;** fwhite@baumannlegal.com; jbudde@baumannlegal.com ; bredish@baumannlegal.com; mlewis@baumannlegal.com (*Attorneys for Defendant, Jacksonville Transportation, Inc.*)

    Respectfully submitted,

    /s/*P. Alexander Gillen*
    **C. RICHARD NEWSOME, ESQUIRE**
    Florida Bar No.: 827258
    **P. ALEXANDER GILLEN, ESQUIRE**
    Florida Bar No.: 470724
    **NEWSOME / MELTON**
    201 S. Orange Avenue, Suite 1500
    Orlando, Florida 32801
    Telephone: (407) 648-5977
    Facsimile:  (407) 648-5282
    Email(s):
    gillen@newsomelaw.com
    sucharski@newsomelaw.com
    cardosa@newsomelaw.com
    Co- *Counsel for Plaintiff*