UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KNIGHT SPECIALTY INSURANCE
COMPANY,　　　　　　　　　　　　CASE NO. 3:20-cv-01139-HES-PDB

　　　　Plaintiff,

v.

JACKSONVILLE TRANSPORTATION,
INC.; KIMBERLY WEAVER, AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF RONNIE BROWN; AND, THE
ESTATE OF MARTIN ALLEN CAIN,

　　　　Defendants.
_____/

**DEFENDANT JACKSONVILLE TRANSPORTATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF KNIGHT SPECIALTY INSURANCE COMPANY'S PURPORTEDLY "UNOPPOSED" MOTION TO AMEND**

　　　　Defendant, Jacksonville Transportation, Inc. ("JTI"), by and through undersigned counsel, hereby files its Response in Opposition to Knight Specialty Insurance Company's ("Knight") purportedly "Unopposed" Motion to Amend [D.E. 15], and in support thereof, states as follows:

　　　　1.　　On October 1, 2020, Knight filed its Complaint for Declaratory Judgment against Defendant JTI, *et al*. [D.E. 1].

　　　　2.　　On October 29, 2020, JTI moved to dismiss or in the alternative stay this declaratory judgment action, in part because Knight's pleading concedes that the underlying tort Complaint is silent as to whether Ronnie Brown "was an employee of Jacksonville [JTI]", which establishes, as a matter of law, that it is has a duty to defend JTI in the underlying tort action. *See generally* Motion to Dismiss [D.E. 8]; *see also* Dec. Action Compl. at ¶ 28 [D.E. 1].

3.      JTI also argued dismissal is appropriate if Christopher Hampton cannot be added as a party defendant, because he is indispensable to this action. Motion to Dismiss [D.E. 8] at p. 19-20.

4.      On or about November 6, 2020, Knight and JTI's counsel participated in a short telephonic meeting to discuss, among other things, JTI's Motion to Dismiss. Knight's counsel conceded it would amend its pleading to add Christopher Hampton as a party defendant and requested JTI's consent to amend its Complaint. JTI's counsel agreed to Knight filing an Unopposed Motion for Leave to Amend, **on condition that Knight's counsel provide JTI's counsel in advance with a draft of the proposed Amended Complaint (as is customary), so JTI's counsel could confirm Knight was amending solely to add Christopher Hampton as a party Defendant, and so that JTI's counsel could then be in a position to provide its final consent**. Knight's counsel agreed.

5.      On November 3, 2020, Knight, JTI, and The Estate of Ronnie Brown's counsel conducted a telephone Case Management Conference, as required by the applicable rules. During the Case Management Conference, Knight's counsel again represented he would circulate a copy of the draft Amended Complaint before Knight filed a motion for leave to amend.

6.      Knight failed to circulate to JTI a copy of its draft Amended Complaint before filing its "Unopposed" Motion for Leave to Amend [D.E. 15].

7.      JTI has reviewed the Amended Complaint attached to Knight's "Unopposed" Motion for Leave to Amend and confirmed it contains changes that were neither discussed nor approved by JTI. Importantly, Knight's Amended Complaint seeks to delete critical factual allegations, *to wit*: that the Complaint in the Underlying Tort Action "is silent as to the fact that

RB was an employee of Jacksonville [JTI] and was in the course and scope of his employment with Jacksonville [JTI] when he was killed." Compare Ex. A to Unopposed Motion for Leave to Amend [D.E. 15] with Knight's Declaratory Action Complaint [D.E. 1]; *see also* JTI's redline comparison of both Complaints, attached hereto as **Exhibit "A."**

8. JTI did not, and would not, have consented to a Motion for Leave to Amend had it been provided with a courtesy copy of Knight's proposed Amended Complaint. More importantly, because Knight failed to provide JTI with a copy of the proposed Amended Complaint, which was part of the party's good faith conferral efforts under Local Rule 3.01(g), Knight failed to comply with 3.01(g)'s "good faith" conferral requirement before filing any motion.

WHEREFORE, JTI respectfully requests that this Court deny Knight's Unopposed Motion to for Leave to Amend.

**SMITH, GAMBRELL & RUSSELL, LLP**

/s/ *Joseph C. Crawford*
JAMES H. CUMMINGS
Florida Bar No.: 27657
jcummings@sgrlaw.com
lfelici@sgrlaw.com
JOSEPH C. CRAWFORD
Florida Bar No. 124653
jcrawford@sgrlaw.com
tgreene@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
(904) 598-6127 (phone)
(904) 598-6227 (facsimile)

*Attorneys for Defendant, Jacksonville Transportation, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of November, 2020, a true and correct copy of the foregoing was furnished via the CM/ECF system upon the following:

Daniel Novigrod, Esq.
Ardalan Montazer, Esq.
Hightower, Stratton, Novigrod & Kantor
4770 Biscayne Blvd., Ste. 1200
Miami, Florida 33137
dnovigrod@hightowerlaw.net
amontazer@hightowerlaw.net
miaservice@hightowerlaw.net

*Attorneys for Knight Specialty Insurance Company*

                */s/  Joseph C. Crawford*
                Attorney