**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KNIGHT SPECIALTY INSURANCE COMPANY,

            Plaintiff,

vs.                                                                                    CIVIL NO. 3:20-cv-1139

JACKSONVILLE TRANSPORTATION, INC.;
CHRISTOPHER HAMPTON; KIMBERLY
WEAVER, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF RONNIE BROWN; AND,
THE ESTATE OF MARTIN ALLEN CAIN,
            Defendants.

## PLAINTIFF, KNIGHT SPECIALTY INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY

Plaintiff, Knight Specialty Insurance Company (hereinafter "Knight"), by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, Local Rules, and this Honorable Court's Order, hereby files its Response in Opposition to Defendant, Kimberly Weaver's ("Weaver") Motion to Dismiss or, In The Alternative, to Stay This Action [D.E 24] (hereinafter "Motion"), and in support thereof states as follows:

## SUMMARY OF ARGUMENTS

The Duty to Indemnify is ripe at the current stage of the underlying litigation, this Honorable Court should not dismiss this matter as requested by Jacksonville, instead, this Honorable Court can make a determination of Plaintiff's Duty to indemnify. In addition, Defendant's arguments that this Court cannot determine Plaintiff's Duty to Defend its insured, Jacksonville, because Plaintiff provided Jacksonville a defense under a reservation of rights is

wholly misguided.   Furthermore, Jacksonville's contention that this Honorable Court should abstain from exercising jurisdiction, pursuant to the *Ameritas* factors and state law considerations predominate the subject federal declaratory action are wholly misguided. Accordingly, KSIC respectfully submits that the interests of federalism, comity, and efficiency, on which *Wilton/Brillhart* abstention are founded are not implicated in this case. KSIC therefore respectfully requests this Honorable Court to deny Jacksonville's Motion to Dismiss or, in the Alternative, to Stay This Action Pending the Outcome of the Underlying Litigation [D.E 25].

## FACTS

1.        On April 1, 2020, Kimberly Weaver, as Personal Representative of the Estate of Ronnie Brown, filed a wrongful death lawsuit in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida, styled as Kimberly *Representative of the Estate of Ronnie Brown v. Jacksonville Transportation, Inc., Christopher Hampton, and the Estate of Martin Allen Cain,* Case No.: 20-CA-0611 (the  "Underlying Litigation"). Amended Dec. Action Compl. at ¶ 1 [D.E. 23]. The Underlying Litigation arises  out of a tractor trailer accident that occurred on April 24, 2019 near Wichita Falls, Texas,  which resulted in the deaths of Ronnie Brown ("Brown") and Martin Allen Cain ("Cain").  Amended Dec. Action Compl. at ¶¶ 13-14

2.        When the accident occurred, Brown and Cain  were hauling freight as employees for Defendant Jacksonville, using a truck  and  trailer used by Jacksonville and owned by Christopher  Hampton: a 2012 Volvo tractor  trailer,  with VIN  4V4NC9EJ5CN557419,

and its attached trailer, a 2016 TRAO, with VIN 1TTF532C4G3960052 (the "Subject Tractor and Trailer"). Amended Dec. Action Compl. at ¶¶ 16-17.

3.      In the Underlying Litigation, the Estate of Brown pleads the following causes of action: Negligence Against Martin Allen Cain (COUNT I); Vicarious Liability Against JACKSONVILLE (COUNT II); Negligence Against JACKSONVILLE (COUNT III); and Liability Against Christopher Hampton (COUNT IV). *See generally* Amended Dec. Action Compl. at Ex. B. As it relates to its claims against Christopher Hampton, the Estate of Brown alleges liability to Brown by "virtue of owning and leasing" the Subject Tractor and Trailer involved in the accident. *Id* at ¶¶ 34-36.

4.      Plaintiff is presently defending JACKSONVILLE in the Underlying Litigation, subject to its reservation of its rights under the policy *sub judice*, a Commercial Auto Policy issued to JACKSONVILLE, with policy number KSI000014-00, effective from April 28, 2018 through April 28, 2019 (hereinafter, the "Auto Policy"). *Id.* at ¶ 37.

5.      On or about April 24, 2019, Jacksonville was a motor carrier as defined by the 49 CFR § 390, Federal Motor Carrier Act, who operated commercial motor vehicles on the public highways transporting goods in interstate commerce. *Id.* at ¶ 14. The underlying facts of this litigation and the Underlying Litigation arise out of the unfortunate deaths of Cain and Brown, who were at all material times Jacksonville's employees pursuant to 49 CFR § 390- Federal Motor Carrier Act. *Id.* at ¶ 15.

6.      At all material times, Cain and Brown were employees of Jacksonville were acting within the course and scope of their employment with Jacksonville with the real, apparent or implied authority to so act. *Id.* at ¶ 24.

7.          At all material times, Brown and Cain operated the Subject Truck with Jacksonville's knowledge, consent, and permission. While in the course and scope of their employment with Jacksonville, the Subject Truck collided with another tractor-trailer; unfortunately, as a result of the injuries suffered in this collision, both RB and MC died. *Id.* at ¶ 25.

8.          49 CFR § 390, Federal Motor Carrier Act and Federal Motor Carrier Safety Administration governs and regulates Jacksonville's operations as a motor carrier. Pursuant to the Federal Motor Carrier Act and Federal Motor Carrier Safety Administration, an Employee and Employer are defined as:

> **Employee means any individual**, other than an employer, **who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety. Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle)**, a mechanic, and a freight handler. Such term does not include an employee of the United States, any State, any political subdivision of a State, or any agency established under a compact between States and approved by the Congress of the United States who is acting within the course of such employment.
>
> **Employer means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business**, or assigns employees to operate it, but such terms does not include the United States, any State, any political subdivision of a State, or an agency established under a compact between States approved by the Congress of the United States.

49 CFR § 390. Amended Dec. Action Compl.  at ¶ 27.

9.          Pursuant to the Federal Motor Carrier Act and Federal Motor Carrier Safety Administration, Jacksonville was a Motor Carrier, who is an "Employer" and Brown and Cain were its "Employees", in the course and scope of their employment when the

Underlying Accident occurred. *Id.* at ¶ 28

10.　　　　KSIC contends that liability coverage is excluded under the Subject Policy for bodily injury and/or death of Jacksonville's "employees" and because Brown and Cain were "employees" of Jacksonville at the time of the Underlying Accident, the Subject Policy does not afford coverage for the Underlying Litigation and Accident. *Id* at ¶¶ 55-61.

## ARGUMENT AND MEMORANDUM OF LAW

### I.　FEDERAL AND FLORIDA LAW RECOGNIZE THAT THESE CLAIMS ARE RIPE AND SHOULD PROCEED.

#### A. Applicable Federal Law

The Declaratory Judgment Act grants this Court the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. § 2201. The statute further requires there to be "a case of actual controversy" for the Court to make a declaration regarding parties' rights and legal relations. *Id.* Preliminarily, this Court has broad discretion in determining whether to entertain Plaintiff's suit under the Act. *Colony Ins. Co. v. Vill. At Dadeland Condo. Ass'n*, No. 09-22369-CV, 2010 WL 1817038, at *3 (S.D. Fla. Apr. 15, 2010). The decision whether to grant a stay is discretionary, and "is based on a balancing test in which the movant bears the burden of showing either 'a clear case of hardship or inequity' if the case proceeds, or little possibility the stay will harm others." *Dunn v. Air Line Pilots Ass'n*, 836 F. Supp. 1574, 1584 (S.D. Fla. 1993).

#### B. Applicable State Law

The Florida Declaratory Judgment Act is both substantive and remedial in nature. *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1291 (M.D. Fla.

2009); *see also* § 86.101, Fla. Stat. (2015) ("This chapter is declared to be substantive and remedial."). Federal courts apply the rule in *Higgins* that the duty to indemnify may be decided prior to the resolution of the liability action when considering motions to dismiss or stay cases brought by insurers while state court actions concerning the claims are pending. *America Ins. Co. v. Deslin Hotels, Inc.*, Case No. 6:11-cv-1990-Orl-22TES, 2012 WL 5199626, at **6** (M.D. Fla. Oct. 22, 2012) ("Since *Northland*, however, the Florida Supreme Court has changed its interpretation of declaratory judgment actions such that now 'an insurer may pursue a declaratory action which requires a determination of the existence or nonexistence of a fact upon which the insurer's obligations under an insurance policy depend.'") (citing *Higgins v. State Farm Fire & Casualty Co.*, 894 So. 2d 5, 12 (Fla. 2004)); *Traylor/Wolfe*, 2014 U.S. Dist. LEXIS 111252, at *6. Here, the Defendant ignores *Higgins* and in so doing, ignores the recognized relationship between Florida law and the Federal Declaratory Judgment Act, overstating the applicability of precedent as it goes.

## C. This Honorable Court Should Hear These Claims.

Although there has been no final determination of Sienna's liability in the Underlying Action, this is not in and of itself determinative of whether Plaintiff's request for a declaration as to its duty to indemnify is premature, and indeed has no bearing at all on certain of Plaintiff's claims. The Court may determine whether Plaintiff has a duty to indemnify at this stage. As one court articulated, a prompt determination on the issue of coverage is beneficial to all concerned:

> Generally, an insurance carrier should be entitled to an expeditious resolution of coverage where there are no significant, countervailing considerations. A prompt

determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.

*Britamco Underwriters, Inc. v. Central Jersey Investments, Inc.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994) (agreed to and quoted in *Higgins*, 894 So. 2d at 15).

In *Higgins*, the Florida Supreme Court addressed the issue of whether the declaratory judgment action or the underlying liability action between the claimant and the insured should proceed first. 894 So. 2d at 12. Concluding that the declaratory relief action should proceed first in that case, the *Higgins* Court relied on *Allstate Ins. Co. v. Conde*, 595 So. 2d 1005 (Fla. 5th DCA 1992), to identify two factors trial courts should consider when deciding whether to dismiss or stay a case. These factors are: (1) consideration of what issues are involved in the two actions; and (**2**) whether proceeding to a decision as to the insurance indemnity issue will promote settlement and avoid the problem of collusive actions between claimants and insureds in order to create coverage where coverage does not exist under the true facts. *Higgins*, 894 So. 2d at 16. The Court stated, "[i]n respect to settlements, all parties are in a better position to enter into settlement negotiations when the decision as to coverage has been put to rest." *Id.* at 17. The *Higgins* Court further noted that:

If the fictional covered claim is not disposed of, the insurer is faced with providing a defense of the entire action through trial, the cost of which is generally the impetus for paying sums to a plaintiff in settlement that would not be payable under the policy. Only the insurer is interested in quickly defeating the covered claims and the insurer has no forum to be heard.]

894 So. 2d at 17 (quoting *Conde*, 595 So. 2d at 1009 (Griffin, J., concurring)). As such, the Court concluded:

> We agree [...] that the resolution of the timing issue in accord with *International Surplus Lines Insurance Co. v. Markham*, 580 So. 2d 251 (Fla. 2d DCA 1991), in which the court indicated that the duty to defend issue should be resolved early but the insurance indemnity action abated until after the underlying tort action is final, may be necessary in some cases. **But, for the reasons stated above, we believe that there are factors which weigh in favor of trying the indemnity coverage issue first**.

894 So. 2d at 17 (emphasis added).

Under *Higgins*, Plaintiff is entitled to file a declaratory judgment action that requires a determination of the existence of a fact upon which the insurer's obligation under the policy may depend without waiting until the Underlying Action is concluded. *Id.* at 9. In reaching its decision, the *Higgins* court reversed, in part, *Columbia Cas. Co. v. Zimmerman*, 62 So. 2d 338 (Fla. 1952), which held that a declaratory judgment action that requested a court to make a purely factual determination was improper (in that case, whether the defendant was driving the vehicle with the insured's consent):

> We conclude that it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy. Why should an insured be placed in a position of having to have a substantial judgment against the insured without knowing whether there is coverage from a policy? Why should an insurer be placed in a position of either paying what it believes to be an uncovered claim or being in jeopardy of a bad faith judgment for failure to pay a claim? These are precisely the issues recognized by this Court in other contexts that are intended to come within the purpose of the declaratory judgment statute's "relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations."

*Higgins*, 894 So. 2d at 14.

Indeed, numerous federal courts have agreed with this approach and allowed cases

addressing the duty to indemnify to continue. *See Core Const. Servs. Se., Inc. v. Crum & Forster Spec. Ins. Co.*, No. 14-cv-1789, 2015 WL 3929696, at *1-2 (M.D. Fla. 2015) (denying carrier's motion to dismiss plaintiff's claims regarding the duty to indemnify and duty to defend); *Hartford Fire Ins. Co. v. Peninsula Logistics, Inc.*, No. 6:14-cv-00154-GAP-GJK, 2014 WL 1416339, at *2 (M.D. Fla. Apr. 11, 2014) ("The present matter is a question of contract interpretation and does not turn on the outcome of the [underlying] lawsuit."); *see also Mid-Continent Cas. Co. v. Van Emmerik Custom Homes, Inc., et al.*, No. 2:16-cv-819, 2017 WL 700226 (M.D. Fla. Feb. 22, 2017) (denying a motion to dismiss or in the alternative to stay or abate, finding that insurer was not a party to the state court liability action and the state court would not be "called upon to decide any of the issues posed by insurer in this case."); *QBE Ins. Corp. v. Surfside Props. and Mgmt., Inc.*, No. 6:16-cv-831-Orl-31KRS (M.D. Fla. Nov. 10, 2016) (denying motion to abate and holding coverage action filed before resolution of underlying tort suit appropriate; "An early determination of insurance policy coverage both provides clarification of the legal relations at issue and promotes settlement of the controversy."); *Mid-Continent Cas. Co. v. Devonshire Props., Inc.*, No. 8:15-cv-1049-T-17 JSS, Order Denying Motion to Dismiss, Stay or Abate Without Prejudice (M.D. Fla. Nov. 12, 2015) (same); *Cafaro v. Zois*, No. 15-CIV-80150, 2015 WL 3821752 (S.D. Fla. June 2, 2015) (denying a motion to dismiss based upon *Higgins* and holding that declaratory judgments are proper even when it is necessary to decide issues of fact upon which issues of law depend); *Meridian Const. and Dev., LLC v. Admiral Ins. Co.*, 105 F. Supp. 3d 1331, 1338 (M.D. Fla. 2013) (finding, in a diversity action, a declaratory judgment is a viable avenue for the court to determine the duty to defend or indemnify, even if a factual determination is required); *Colony*, 2010 WL 1817038, at *2-3 ("[I]n

scenarios such as this one, district courts have found that declaratory judgment actions are appropriately resolved first in order to aid in the early resolution of the insurer's coverage obligations."); *Powers v. Hartford Ins. Co. of the Midwest*, No. 8:10-cv-1279-T-24 APE, 2010 WL 2889759 (M.D. Fla. July 22, 2010) (denying, based on *Higgins*, a motion to dismiss holding that questions involving the rights and obligations under an insurance policy come within the purpose of the declaratory judgment statutes, which is to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations, even when factual questions are involved); *Ft. Myers Total Rehab Ctr.*, 657 F. Supp. 2d at 1292-93 ("While at one time under Florida law the existence of ... unresolved facts would bar declaratory relief, the Florida Supreme Court receded from that line of cases in 2004." (citing *Higgins*, 894 So. 2d at 12)).

These cases implicitly or explicitly recognize that, although *Higgins* concerned the Florida Declaratory Judgment Act, that Act is both "substantive and remedial in nature," and substantive state law should be allowed to impact federal decisions appropriately. *See* § 86.101, Fla. Stat. ("This chapter is declared to be substantive and remedial."); *Nationwide Mut. Co. v. Ft. Myers Total Rehab Ctr., Inc.*, 657 F. Supp. 2d 1279, 1291 (M.D. Fla. 2009) ("The Florida Declaratory Judgment Act, on the other hand, is in fact substantive and remedial in nature.").

This Honorable Court should, therefore, follow these cases and find that Plaintiff is entitled to a declaration as to whether it has a duty to defend or indemnify Jacksonville for the claims made in the Underlying Action. The Court can determine whether Plaintiff owes a duty

to indemnify based upon the allegations of the underlying complaint and the Federal Motor Carrier Act, and it can do so now. For instance, the Court can make a determination regarding the Brown and Cain's employment with Jacksonville pursuant to the Federal Motor Carrier Act.

### D. Plaintiff's Claim Regarding the Duty to Defend Should Continue

"Florida law recognizes that '[a]n insurer is irreparably injured if it is required to defend a case without a contractual duty to do so.'" *Auto-Owners Ins. Co. v. Globe Int'l Ministries, Inc.*, No. 3: 14CV150/MCR/CJK, 2014 WL 11511690, at *3 (N.D. Fla. May 23, 2014) (quoting *Hartford Fire Ins. Co. v. Peninsula Logistics*, Inc., No. 6:14-cv-00154, 2014 WL 1416339, at *2 (M.D. Fla. Apr. 11, 2014)). "Florida courts have long held that a declaratory judgment action is appropriate when the duty to defend or indemnify turns on contract interpretations rather than factual circumstances." *New S. Indus.*, 2017 U.S. Dist. LEXIS 108590, at *3 (citing *Zimmerman*, 62 So. 2d 338; *Smith v. Milwaukee Ins. Co.*, 197 So. 2d 548 (Fla. 4th DCA 1967)).

A coverage case should be allowed to continue because the duty to defend is always ripe even where the duty to indemnify may not. *Core Const. Servs. Se., Inc.*, 2015 WL 3929696, at *1-2. In *Core*, the defendant carrier sought to dismiss a policyholder's entire complaint, encompassing both the duties to defend and the duties to indemnify, for ripeness, not unlike the reasoning the Jacksonville now seeks to apply in its Motion. The court recognized that "a duty to defend and to indemnify are separate duties—the duty to defend arises out of allegations in the underlying complaint and the terms of the policy. *Id.* at *1 (citing *Chestnut Assocs., Inc. v. Assurance Co. of Am.*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014)). The court further

recognized that dismissing the claims for ripeness would prove "harmful not just to insured persons, but also to insurers." *Id.* (citing *Colony Ins. Co. v. Montecito Renaissance*, No. 8:09-cv-1469-T-30MAP, 2011 WL 4529948, at *14 (M.D. Fla. Sept. 30, 2011)); *International Surplus Lines Ins. Co. v. Markham, Norton & Co.*, 580 So. 2d 251, 254 (Fla. 2d DCA 1991) (holding that the court departed from the essential requirements of law in abating a coverage action seeking a ruling on the duty to defend).

In addition, this Honorable Court can also determine there is no duty to indemnify if it determines the insurer does not owe a duty to defend since the duty to defend is broader than the duty to indemnify. *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify."); *AIX Specialty Ins. Co. v. Sombreros, LLC*, No. 8:17-CV-843-T-26TBM, 2018 WL 1635643, at *3 (M.D. Fla. Apr. 5, 2018) ("[I]f Plaintiff is absolved of the duty to defend, there is no duty to indemnify either."); *See also Mid-Continent Cas. Co. v. Sienna Homes Inc.*, 8:17-CV-1551-T-30AAS, 2018 WL 8244598, at *2 (M.D. Fla. June 21, 2018). Therefore, this Honorable Court is not foreclosed from determining whether Plaintiff owes a duty to indemnify before resolution of the underlying case.

Here, as in *Core and Mid-Continent*, Plaintiff's claims concerning the duty to defend are ripe for adjudication. Plaintiff is currently defending Jacksonville. Plaintiff has alleged that Jacksonville was a motor carrier under the Federal Motor Carrier Act and that Brown and Cain were its employees under the Federal Motor Carrier Act.

Judgment entered against it Underlying Litigation in connection with the Underlying Accident.

**To be clear, if the duty to defend is stayed or dismissed, KSIC will be "faced with providing a defense of the entire action through trial," when it may be under no obligation to do so.** *See Higgins*, 894 So. 2d at 17 (quoting *Conde*, 595 So. 2d at 1009).

## II. THE COURT SHOULD EXERCISE ITS DISCRETION AND ALLOW NSIC'S DECLARATORY JUDGMENT ACTION TO PROCEED

### A. Legal Standard for Motion to Abstain and Dismiss

It "is well-settled that the Declaratory Judgement Act is properly 'understood to confer federal courts unique and substantial discretion in whether to declare the rights of litigants.'" *Amerisure Mut. Ins. Co. v. M&R Drywall, Inc*., 2011 WL 817643 at *2 (S.D. Fla. Jan. 28, 2011) (quoting *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995)). "The Declaratory Judgment gives a federal court broad discretion in deciding whether to exercise jurisdiction over a case when there is a *parallel* state court case." *Mega Life & Health Ins. Co. v. Tordion*, 399 F.Supp.2d 1366, 1369 (S.D. Fla. 2005) (citing *Wilton*, 55 U.S. at 286-87) (emphasis added).

The Supreme Court held that it "would be both 'uneconomical' and 'vexatious' for a federal district court to hear a declaratory judgment action, concurrently with ongoing proceedings involving the same parties and the same legal issues (not arising under federal law) in state court." *Id.* (citing *Brillhart v. Excess Inc. Co. of Am*., 316 U.S. 491, 495 (1942)). The "test in deciding whether to exercise jurisdiction is whether the controversy can be better settled in the proceeding pending in the state court." *Mega Life*, 399 F.Supp.2d at 1369 (quoting *Brillhart*, 316 U.S. at 495). Under the Declaratory Judgment Act, "a federal court should decline jurisdiction where it 'might be indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed.'" *Id.* (quoting *Wilton*, 515 U.S. at 283).

"Based on these principles, the Eleventh Circuit set forth a list of non-exhaustive guidepost factors a district court should consider to determine whether to retain jurisdiction or dismiss a declaratory judgment action." *M&R*, 2011 WL 817643 at*3 (citing *Ameritas Variable Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005)). The *Ameritas* factors are as follows: (1) the state's interest in deciding the matter; (2) whether a judgment in the federal declaratory action would completely settle the controversy; (3) whether the federal declaratory action would clarify the legal relations at issue; (4) whether the declaratory remedy is being used for the purpose of "procedural fencing" i.e., to provide an arena for a race for res judicata; (5) whether the federal declaratory action would increase the friction between federal and state courts and improperly encroach on state jurisdiction; (6) whether there is a more effective alternative remedy; (7) whether the underlying facts are important to an informed resolution of the case; (8) whether the state court is in a better position to evaluate those facts issues than the federal court; and (9) the nexus, if any, between the underlying factual and legal issues and state law or public policy. *See Ameritas*, 411 F.3d at 1331.

"No factor is controlling and, in fact, a district court does not err in considering only some of the factors." *Westfield Ins. Co. v. Midway Serv., Inc*., 2014 WL 12613401 at *2 (M.D. Fla. June 25, 2014) (citing *Great Lake Reinsurance (UK) PLC v. TLU Ltd*., 298 Fed.Appx. 813, 815 (11th Cir. 2008)). "However, a court does not reach the *Ameritas* analysis unless it determines first that the parties and issues in the federal court and state court action are sufficiently similar that they are parallel." *Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLP*, 2011 WL 2436693 at *3 (S.D. Fla. June 14, 2011).  Furthermore, **this Honorable Court has held that there is little reason for the Court to decline to entertain an insurer's action**

**for declaratory relief when the underlying suit will not resolve the claims in dispute in declaratory relief nor are the insurers parties to the underlying suit.** *See Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.,* 16-24509-CIV, 2017 WL 5643298, at *4 (S.D. Fla. Feb. 21, 2017)(emphasis added).

### B. This Declaratory Judgment Action is not Parallel to the State Court Negligence Action

"Abstention is "only proper ... when the state and federal court proceedings are *parallel* - that is, they involve substantially the same issues and parties." *Midway*, 2014 WL 12613401 at *2. Accordingly, "district courts do not even analyze the *Ameritas* factors unless they determine first that the parties and issues in the state and federal court proceedings are sufficiently similar that the proceedings are truly parallel." *Id.* (citations omitted). This case does not meet the threshold requirement for applying the *Ameritas* factors because NSIC's federal declaratory action is not parallel to the now concluded state court wrongful death action filed by the Andersons against SFT.

In, *Hartford Fire Ins. Co. v. Weathertrol Maint. Corp.,* 16-24509-CIV, 2017 WL 5643298, at *4 (S.D. Fla. Feb. 21, 2017, **this Honorable Court has held that there is little reason for the Court to decline to entertain an insurer's action for declaratory relief when the underlying suit will not resolve the claims in dispute in declaratory relief nor are the insurers parties to the underlying suit.**

In *Southern-Owners Insurance Co. v. Automated Pure Water, Inc*., 2017 WL 5956840 (May 18, 2017), the court determined that an evaluation of the *Ameritas* factors was not required

when the federal coverage action was not parallel to the state court personal injury action. In *Automated Pure Water*, the claimant filed a suit against the insured, seeking damages for injuries allegedly sustained from a chemical explosion that occurred when the claimant finished placing chlorine tables into a home water purification system. The insurer subsequently filed a complaint for declaratory relief in federal court, seeking a declaration the policy's pollution exclusion bars coverage and that it did not have the duty to defend or indemnify the insured in the underlying action. 2017 WL 5956840 at *1. The insured moved to dismiss, arguing that under the Declaratory Judgment Act, the court had the discretion to entertain or dismiss the declaratory action and that the circumstances of the case required dismissal. *Id.* The insurer, in turn, argued that there was no parallel state court action and that dismissal was, therefore, not appropriate. *Id.* at *2. The insurer specifically argued that it was not a party to the state action and that the issue of insurance coverage was not at issue in the underlying action.  The court explained that it "was not convinced that there [was] another state court action 'presenting the same issues ... between the same parties' to justify dismissal of [the] action." *Id.* (citing *Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues. It is an abuse of discretion, however, to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist.")). The court noted that while the insurer was defending the insured pursuant to a reservation of rights, it was not litigating the coverage issue in the underlying state court action. The court held that since the coverage issue was not being litigated in the state court, the federal court was the only forum currently considering whether the insurer had a duty to defend or indemnify under the policy. The court

therefore denied the insured's motion to dismiss. *Automated Pure Water*, 2017 WL 5956840 at *2-*3.

  The court in *Northland Ins. Co. v. Top Rank Trucking of Kissimmee, Inc*., 823 F.Supp.2d 1293 (M.D. Fla. 2011). In *Top Rank*, the plaintiff, the estate of the decedent, filed suit against the insured, alleging that the insured negligently caused the decedent's death when the insured's truck struck the decedent, who was a pedestrian at the time of the collision. The insurer subsequently filed an action for declaratory judgment pursuant to the Declaratory Judgment Act, seeking to determine its potential liability and duties owed under the automobile policy issued to the insured. The insurer argued that that certain policy exclusions applied to bar coverage for the decedent's death. The insured argued that the court should decline to exercise jurisdiction and dismiss pursuant to *Brillhart* and *Ameritas*. 823 F.Supp.2d at 1295.  The court held that the case pending in state court does not involve the same parties because the insurer was not a party to the state court case. The court further determined that the state court case and the coverage case do not present the same legal issues. "The issues in the state-court case are [the insured's] alleged negligence" while the only question presented in the coverage case was whether the insurance policy provide coverage for the decedent's death. *Id.* at 1296. Accordingly, the "federal state interests discussed in [*Ameritas*] and concern for uneconomical and vexatious litigation from *Brillhart* are not relevant in this case." *Id.* The court therefore decided to exercise its jurisdiction, denied the insured's motion to dismiss, and allowed the insurer's claim to proceed in the federal action for declaratory judgment. *Id.* (citing *Landmark Am. Inc. Co. v. Reli Title, Inc*., 2009 WL 3202466 at *2 (M.D. Fla. Oct. 2, 2009) (allowing declaratory action to proceed in federal court because the insurer was not a party to the underlying state court action and determination of an

insurer's obligations to the insured was not at issue in the underlying state court action); *Smithers Constr., Inc. v. Bituminous Cas. Corp.*, 563 F.Supp.2d 1345, 1348 (S.D. Fla. 2008) (same).

Similarly, here, KSIC's pending declaratory action does not involve the same parties or issues as those implicated in the Underlying Litigation. KSIC is not a party to the underlying Litigation. Furthermore, the cases does not present the same legal issues. The question presented in this federal declaratory action is whether Cain and Brown were employees of Jacksonville pursuant to the Federal Motor Carrier Act.  The question presented in the state court action is whether is whether Cain and Brown were employees of Jacksonville pursuant to the Florida's Employment and Worker's Compensation Statutes. The underlying state court action did not raise the coverage issues at dispute in KSIC's federal declaratory action. Accordingly, the state action is not parallel to this declaratory action. This case does not meet the threshold requirement for applying the *Ameritas* factors. KSIC respectfully submits that this Honorable Court, therefore, should exercise its jurisdiction, deny Jacksonville's Motion, and allow KSIC's declaratory action to proceed in this federal forum.

### C. The *Ameritas* Factors Do Not Warrant Dismissal

#### 1. The strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts

In their Motion, Jacksonville contend that Florida state courts interest in determining coverage issues outweighs this Honorable Court's interest. KSIC respectfully submits that Florida does not have a significant interest in resolving the coverage issues in state court. Coverage disputes, styled identically to this case, are routinely adjudicated under Florida law and

Federal law. The coverage arguments in this case are unique as Plaintiff has contended that there is an actual and present controversy as to the duty to defend indemnify Jacksonville based on its employment relationship with Cain and Brown under the Federal Motor Carrier Act.  For the foregoing reasons, KSIC respectfully submits that this Honorable Court is best positioned to interpret and analyze coverage issues involving Federal law, specifically, the Federal Motor Carrier Act, therefore, this factor weighs in favor of not abstaining.

### 2.   Whether the judgment in the federal declaratory action would settle the controversy

This Court's decision will fully settle the controversy concerning KSIC's duties to its insured pursuant to the Subject Policy. The only issues are whether KSIC owes a duty to defend and indemnify Jacksonville for the Underlying Litigation.  KSIC respectfully submits that this issue is properly before this Honorable Court. A finding by this Court of these issues will settle the controversy. Federal Courts in this state have settled insurance controversy issues in numerous declaratory actions, including, but not limited to, insurance controversy issues involving interstate commerce and the Federal Motor Carrier Act.  This forum is the most efficient, proper and effective venue for KSIC to address its coverage issues in this case. Here in this forum, this Federal Court can settle the insurance coverage controversy. For the foregoing reasons, KSIC respectfully submits that this Honorable Court is best positioned to interpret and analyze coverage issues involving Federal law, specifically, interstate commerce and the Federal Motor Carrier Act, therefore, this factor weighs in favor of not abstaining.

### 3.   Whether the federal declaratory action would serve a useful purpose in

**clarifying the legal relations at issue**

KSIC respectfully submits that this Honorable Court's decision will serve a useful purpose in clarifying the legal coverage issues as it will settle the entire controversy concerning KSIC's duties to its insured pursuant to the Subject Policy, including the duty to defend indemnify its named insured.  There is no other parallel action wherein the issues are raised and there is no risk of inconsistent verdicts as the interested parties in the underlying state action are also part of this lawsuit. The opposite cannot be said as KSIC was not party to the state court action. For the foregoing reasons, KSIC respectfully submits that this Honorable Court is best positioned to interpret and analyze coverage issues involving Federal law, specifically, interstate commerce and the Federal Motor Carrier Act, therefore, this factor weighs in favor of not abstaining.

    **4.**   **Whether the declaratory remedy is being used merely for the purpose of "procedural fencing" that is to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable**

There is no other action concerning a determination of KSIC's duties to its insured. KSIC is a California corporation with a right to exercise federal diversity jurisdiction. Further KSIC is not, and was not, a party to the underlying state court action and its insurance policy with Jacksonville is not at issue therein. KSIC's action is proper before this Honorable Court.

    **5.**   **Whether the use of a federal declaratory action would increase the friction between our federal and state courts and encroach on state jurisdiction**

As previously discussed in detail, KSIC is not, and was not, a party to the underlying

state court litigation and the Subject Policy is not, and was not, at issue therein.  The underlying state court has not made any determinations as to any of the issues raised in KSIC's Complaint. For the foregoing reasons, NSIC respectfully submits that this factor weighs in favor of not abstaining.

### 6.   Whether there is an alternative remedy that is better or more effective

As previously discussed in detail, KSIC is not, and was not, a party to the underlying state court and the Subject Policy is not at issue therein.   There is no other forum where these coverage issues are pending. There is also no alternative remedy currently available for KSIC to have the issued raised in its Complaint adjudicated.   For the foregoing reasons, KSIC respectfully submits that this factor weighs in favor of not abstaining.

### 7.   Whether the underlying factual issues are important to an informed resolution of the case

As previously discussed, KSIC is not, and was not, a party to the underlying state court action and the Subject Policy is not at issue therein.  The underlying state court has not made any determinations as to any of the issues raised in KSIC's Complaint. KSIC respectfully submits that there is no underlying factual issues that are important for the resolution of this matter.  . For the foregoing reasons, KSIC respectfully submits that this factor weighs in favor of not abstaining.

### 8.   Whether the state trial court is in a better position to evaluate those factual issues than is the federal court

KSIC respectfully submits that the state court is not in any position to evaluate any duty KSIC owes its insured.   This determination is only presented in this Honorable Court. As provided *supra*, the only issues in this action are whether KSIC owes a duty to defend and indemnify Jacksonville for the Underlying Litigation. Indeed, this issue is properly before this Honorable Court. A finding by this Court of these issues will settle the controversy. Federal Courts in this state have settled insurance controversy issues in numerous declaratory actions, including, but not limited to insurance controversy issues involving interstate commerce and the Federal Motor Carrier Act.   This forum is the most efficient, proper and effective venue for KSIC and the Defendants to address the coverage issues in this case. KSIC respectfully submits that the state court is in no position to evaluate any factual issues relating to any duties pursuant to the Subject Policy and MCS-90 Endorsement.   Here, federal court can settle the insurance coverage controversy. For the foregoing reasons, KSIC respectfully submits that this Honorable Court is best positioned to interpret and analyze factual issues involving Federal law, specifically, interstate commerce, the Federal Motor Carrier Act, and the applicability of the MCS-90, therefore, this factor weighs in favor of not abstaining.

**9.   Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action**

KSIC respectfully submits that Florida does not have a close nexus with the Subject Policy or the relief requested herein. KSIC, the Federal Motor Carrier Act, interstate commerce, the Subject Policy, and the MCS-90 Endorsement are not at issue in the state court action. Oppositely, the Federal Declaratory Judgment Act provides a resolution in this venue,

furthermore, interstate commerce, the Federal Motor Carrier Act, and the MCS-90 Endorsement are regulated by Federal law. There are no novel issues of state insurance law at issue in this declaratory judgment action, instead, there are novel issues of Federal law, specifically, Brown and Cain's employment status under the Federal Motor Carrier Act. Here, there is no parallel action pending, therefore, KSIC respectfully submits that Jacksonville's Motion should be denied. This action is properly pending before this Honorable Court and only this Honorable Court. For the foregoing reasons, KSIC respectfully submits that this factor weighs in favor of not abstaining.

## **CONCLUSION**

KSIC's Amended Complaint should not be dismissed because (1) this Honorable Court has subject matter jurisdiction in this instant matter; (2) an actual, present controversy exists as to KSIC's obligations under the Subject Policy; (3) an actual, present controversy exists as to KSIC's defense and indemnity obligation for Jacksonville; (4) KSIC's declaratory judgment action is not parallel to the wrongful death negligence action in state court, and (5) the *Ameritas* factors do not warrant dismissal of KSIC's Complaint.

**WHEREFORE,** Plaintiff, Knight Specialty Insurance Company respectfully requests that this Honorable Court enters an Order: (1) ***DENYING*** Defendant, Kimberly Weaver's Motion to Dismiss or, In The Alternative, to Stay This Action Pending the Outcome of the Underlying Litigation [D.E 24]; (2) Requiring the Kimberly Weaver to Answer KSIC's Amended Complaint; and, any and all other relief this Honorable Court deems just and proper.

## **<u>REQUEST FOR ORAL ARGUMENTS</u>**

Plaintiff, Knight Specialty Insurance Company (hereinafter "KSIC"), pursuant to the Federal Rules of Civil Procedure and Local Rules, hereby respectfully requests that this Honorable Court permits it an opportunity to make oral arguments in support of its Response in Opposition to Kimberly Weaver's Motion to Dismiss or, In The Alternative, to Stay This Action [D.E 24].

Dated: January 15, 2021.


Respectfully Submitted,

/s/ *Ardalan Montazer*_____
Daniel Novigrod, Esq.
Florida Bar No.: 775401
Ardalan Montazer, Esq.
Florida Bar No.: 1013546
HIGHTOWER, STRATTON, NOVIGROD & KANTOR
4770 Biscayne Blvd., Ste. 1200
Miami, Florida 33137
Tel: (305) 539-0909
Fax: (305) 530-0661
Email: miaservice@hightowerlaw.net
amontazer@hightowerlaw.net
dnovigrod@hightowerlaw.net
*Counsel for Plaintiff,*
*Knight Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ *Ardalan Montazer*
Ardalan Montazer, Esq.
Florida Bar No.: 1013546
*Counsel for Plaintiff,*
*Knight Specialty Insurance Company*